| | |
|---|---|
| 1 | **FENWICK & WEST LLP** |
| 2 | Rodger R. Cole (SBN 178865) |
|   | 801 California St. |
| 3 | Mountain View, CA 94041 |
|   | Tel. (650) 988-8500 |
| 4 | Fax. (650) 938-5200 |
| 5 | rcole@fenwick.com |
| 6 | *Attorneys for Defendant Intuit Inc.* |
| 7 | (*Attorneys for Plaintiffs listed in signature block*) |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRIANNA SINOHUI, MICHELE ARENA, JOSEPH BROUGHER, individually and on behalf of all others similarly situated, | Case No. 3:19-cv-02546-CRB |
| Plaintiffs, | **STIPULATION RE CONSOLIDATION OF ACTIONS AND APPOINTMENT OF INTERIM CLASS COUNSEL** |
| v. | |
| INTUIT INC., | |
| Defendant. | |
| ANDREW DOHRMANN, on behalf of himself and all others similarly situated, | Case No. 3:19-cv-02566-CRB |
| Plaintiff, | |
| v. | |
| INTUIT INC., | |
| Defendant. | |

STIPULATION RE CONSOLIDATION AND APPOINTMENT OF COUNSEL
Case No. 3:19-cv-02546-CRB

| | |
|---|---|
| DARLEEN ALLWEIN, AS ASSIGNEE OF JUDITH L. HYLAND, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>INTUIT INC.,<br><br>      Defendant. | Case No. 3:19-cv-02567-CRB |
| LAURA NICHOLS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>INTUIT INC.,<br><br>      Defendant. | Case No. 3:19-cv-02666-CRB |
| DENNIS KEHIAIAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>INTUIT INC.,<br>      Defendant. | Case No. 3:19-cv-02742-CRB |
| MARIA LEON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>INTUIT INC.,<br>      Defendant. | Case No. 3:19-cv-02878-CRB |

STIPULATION RE CONSOLIDATION AND APPOINTMENT OF COUNSEL
Case No. 3:19-cv-02546-CRB

WHEREAS, there are six (6) related proposed class actions pending in the Northern District of California before the Honorable Charles R. Breyer: *Sinohui et al. v. Intuit Inc.*, No. 19-cv-02546-CRB ("*Sinohui*"); *Dohrmann v. Intuit Inc.*, No. 19-cv-02566-CRB ("*Dohrmann*"); *Allwein v. Intuit, Inc.*, No. 19-02567-CRB ("*Allwein*"), *Nichols v. Intuit Inc.*, No. 19-cv-02666-CRB ("*Nichols*"), *Kehiaian v. Intuit Inc.*, No. 19-cv-02742-CRB ("*Kehiaian*"), and *Leon v. Intuit Inc.*, No. 19-cv-02878-CRB ("*Leon*") (together, the "Related Cases");

WHEREAS, Plaintiffs in the Related Cases ("Plaintiffs") allege that Intuit Inc. ("Intuit") entered into an agreement with the IRS under which it was to provide free online tax preparation and filing software to certain low-income taxpayers and qualifying military service members. Plaintiffs each allege that their respective adjusted gross incomes qualified them for Intuit's free income tax preparation software during the relevant time period. Plaintiffs further allege that instead of providing free tax filing software, Intuit blocked the free website from online search results and steered taxpayers to its paid services. Plaintiffs allege that Intuit's conduct violated numerous laws and constitutes breach of contract.  Plaintiffs seek (among other things) compensation and equitable relief for themselves and all other similarly aggrieved tax filers;

WHEREAS, Plaintiffs and Intuit, by and through their respective counsel (together, the "parties"), have conferred and agree that consolidation is appropriate under Federal Rule of Civil Procedure 42(a) because the Related Cases involve common questions of law or fact, specifically, the cases name a common defendant, arise from the same allegedly fraudulent scheme, and assert similar claims;

WHEREAS, Plaintiffs agree that a streamlined process for the appointment of interim class counsel under Fed. R. Civ. P. 23(g)(3) will be beneficial to the effective prosecution of the class claims;

WHEREAS, Intuit agrees that consolidation is appropriate and that an early appointment of interim class counsel will be beneficial to its effective defense of these matters, and thus does not oppose consolidation under Fed. R. Civ. P 42(a) or the appointment of interim class counsel, while expressly reserving its right to oppose class certification or appointment of regular class counsel on any grounds, including adequacy of representation under Fed. R. Civ. P 23(a) and (g);

WHEREAS, Plaintiffs and Intuit agree that neither this stipulation nor any resulting consolidation of these actions will waive or prejudice in any respect—and Plaintiffs will not assert that consolidation or this stipulation has waived or prejudiced in any respect—Intuit's right to enforce against each Plaintiff the applicable Terms of Service for such Plaintiff, including without limitation, the right to compel arbitration of any dispute or claim relating in any way to the services, and to require each Plaintiff to proceed in his or her individual capacity and not in a class action;

WHEREAS, Plaintiffs and Intuit agree that neither this stipulation nor any resulting consolidation of these actions will waive or prejudice in any respect—and Intuit will not assert that consolidation or this stipulation has waived or prejudiced in any respect—Plaintiffs' legal rights or defenses to the applicability of Intuit's Terms of Service, or to maintain class proceedings.

WHEREAS, the parties propose, subject to Court approval, that this action proceed on the following schedule:

- Counsel may file an application for consideration as interim class counsel. Any attorney who has filed an action in this litigation is eligible to apply. All applications must be e-filed in the Master File No. 3:19-cv-02546-CRB, no later than 5 p.m. Pacific Time, seven (7) calendar days from the date of entry of the Court's order approving this stipulation. Each attorney's application shall include a resume no longer than three pages and a letter no longer than three pages (single-spaced) (in each case including attachments) addressing the factors set forth in Rule 23(g). Counsel may file a two-page response (including attachments) no later than 5 p.m. Pacific Time, three (3) business days from the filing deadline of the initial applications. The Court will appoint interim counsel based on timely written submissions only;

- Plaintiffs will file a Consolidated Complaint ("Complaint") no later than 21 days following the appointment of interim class counsel;

- Defendant will respond to the Complaint no later than 45 days following its filing, which response may consist of a motion to compel arbitration. The parties agree that if Intuit files a motion to compel arbitration, Intuit may defer filing a responsive pleading or motion under Federal Rule of Civil Procedure 12 until after the Court's decision on a motion to compel arbitration. If Intuit's motion to compel arbitration is denied, the parties will stipulate to a

briefing schedule on Intuit's motion to dismiss;

- As directed in the Clerk's notice of May 14, 2019, the parties will file a Joint Case Management Statement on **August 9, 2019**. An Initial Case Management Conference is set for **August 16, 2019** at 8:30 AM in San Francisco, Courtroom 06, 17th Floor;

NOW THEREFORE, the parties through their respective counsel and subject to the Court's approval hereby stipulate that:

1. The following actions pending in this District, and any other action arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this District shall be consolidated for all pre-trial purposes pursuant to Federal Rule of Civil Procedure 42(a) (hereafter the "Consolidated Action"):

   a. *Sinohui et al. v. Intuit Inc.*, No. 19-cv-02546-CRB;
   b. *Dohrmann v. Intuit Inc.*, No. 19-cv-02566-CRB;
   c. *Allwein v. Intuit, Inc.*, No. 19-02567-CRB;
   d. *Nichols v. Intuit Inc.*, No. 19-cv-02666-CRB;
   e. *Kehiaian v. Intuit Inc.*, No. 19-cv-02742-CRB; and
   f. *Leon v. Intuit Inc.*, No. 19-cv-02878-CRB.

Consolidation and this stipulation and order will not waive or prejudice in any respect Intuit's rights to enforce against each Plaintiff the applicable Terms of Service for such Plaintiff, including, without limitation, the right to compel arbitration of any dispute or claim relating in any way to the services, and to require each Plaintiff to proceed in his or her individual capacity and not in a class action. Nor does consolidation and this stipulation and order waive or prejudice in any respect Plaintiffs' legal rights or defenses to the applicability of Intuit's Terms of Service, or to maintain class proceedings.

2. All papers filed in the Consolidated Action must be filed under Case No. 3:19-cv-02546-CRB, the number assigned to the first-filed case, and must bear the following caption:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *IN RE INTUIT FREE FILE LITIGATION*<br><br>This Document Relates To:<br><br>_____ / | Master File No. 3:19-cv-02546-CRB |

3. The case file for the Consolidated Action will be maintained under Master File No. 3:19-cv-02546-CRB. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, for example, "No. 19-cv-02566-CRB (Dohrmann)."

4. The Clerk is directed to administratively close the following related cases:
    a. *Dohrmann v. Intuit Inc.*, No. 19-cv-02566-CRB;
    b. *Allwein v. Intuit, Inc.*, No. 19-02567-CRB;
    c. *Nichols v. Intuit Inc.*, No. 19-cv-02666-CRB;
    d. *Kehiaian v. Intuit Inc.*, No. 19-cv-02742-CRB; and
    e. *Leon v. Intuit Inc.*, No. 19-cv-02878-CRB.

5. Any action subsequently filed, transferred or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action will be consolidated with it. The parties shall file a Notice of Related Cases pursuant to Civil L.R. 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the clerk shall:
    a. place a copy of this Order in the separate file for such action;
    b. serve on plaintiff's counsel in the new case a copy of this Order;
    c. direct that this Order be served upon defendants in the new case; and
    d. make the appropriate entry in the Master Docket.

6. Intuit does not waive its right to oppose class certification or the appointment of regular class counsel on any grounds, including adequacy of representation under Fed. R. Civ. P 23(a) and (g).

7. Within seven (7) days of entry of an order appointing interim class counsel, such interim class counsel shall submit to the Court a detailed timekeeping protocol to be followed by all counsel for Plaintiffs. All Plaintiffs' counsel shall comply with the terms thereof.

8. Initial deadlines for this consolidated action are as follows: Any counsel who has filed an action in this litigation may file an application for consideration as interim class counsel, no later than 5 p.m. Pacific Time, seven (7) calendar days from the date of entry of the Court's order approving this stipulation. Counsel may also file a two-page response (including attachments) no later than 5 p.m. Pacific Time, three (3) business days from the filing deadline of the initial applications. Plaintiffs will file the Complaint no later than 21 days following the appointment of interim class counsel. Defendant will respond to the Complaint no later than 45 days following its filing, which response may consist of a motion to compel arbitration.

9. If Intuit files a motion to compel arbitration, Intuit's time to file its responsive pleading or motion under Federal Rule of Civil Procedure 12 is deferred until after the Court's decision on a motion to compel arbitration. If Intuit's motion to compel arbitration is denied, the parties will stipulate to a briefing schedule on Intuit's Rule 12 responsive pleading or motion.

10. The parties will file a Joint Case Management Statement on August 9, 2019. An Initial Case Management Conference is set for **August 16, 2019** at 8:30 AM in San Francisco, Courtroom 06, 17th Floor.

**IT IS SO STIPULATED.**

Dated: June 6, 2019                            /s/ *Eric H. Gibbs*

**GIBBS LAW GROUP LLP**
Eric H. Gibbs (SBN 178658)
Aaron Blumenthal (SBN 310605)
505 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
ab@classlawgroup.com

**STUEVE SIEGEL HANSON LLP**
Norman E. Siegel (*pro hac vice*)
J. Austin Moore (*pro hac vice*)
Jillian R. Dent (*pro hac vice*)
460 Nichols Road, Suite 200
Kansas City, MO 64112
(816) 714-7100 (tel.)
(816) 714-7101 (fax.)
siegel@stuevesiegel.com
moore@stuevesiegel.com
dent@stuevesiegel.com

**SAUDER SCHELKOPF LLC**
Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Tel.: 888.711.9975
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

*Attorneys for Plaintiffs Brianna Sinohui, Michele Arena, Joseph Brougher, Laura Nichols, and Dennis Kehiaian*

Dated: June 6, 2019            /s/ *Daniel C. Girard*

**GIRARD SHARP LLP**
Daniel C. Girard (SBN 114826)
Dena C. Sharp (SBN 245869)
Jordan Elias (SBN 228731)
Adam E. Polk (SBN 273000)
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
dsharp@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com

*Attorneys for Plaintiff Andrew Dohrmann*

| | | |
|---|---|---|
| 1 | Dated: June 6, 2019 | /s/ *Melissa L. Trotner* |

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Eli R. Greenstein (Bar No. 217945)
egreenstein@ktmc.com
Stacey Kaplan (Bar No. 241989)
skaplan@ktmc.com
Jenny Paquette (Bar No. 321561)
jpaquette@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

Joseph H. Meltzer
jmeltzer@ktmc.com
Melissa L. Troutner
mtroutner@ktmc.com
Natalie Lesser
nlesser@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Plaintiff Darleen Allwein*

Dated: June 6, 2019                    /s/ *Jonathan K. Levine*

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (SBN 146267)
Jonathan K. Levine (SBN 220289)
Heather P. Haggarty (SBN 244186)
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Tel. (415) 692-0772
Fax. (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
hph@pritzkerlevine.com

*Attorneys for Plaintiff Maria Leon*

Dated: June 6, 2019                         /s/ *Rodger Cole*

**FENWICK & WEST LLP**
Rodger R. Cole (SBN 178865)
Laurence Pulgram (SBN 115163)
801 California St.
Mountain View, CA 94041
Tel. (650) 988-8500
Fax. (650) 938-5200
rcole@fenwick.com

*Attorneys for Defendant Intuit Inc.*

### ATTESTATION

I attest that for all conformed signatures indicated by an "/s/," the signatory has concurred in the filing of this document.

Dated: June 6, 2019                         /s/ *Eric H. Gibbs*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: June 14, 2019

HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE