# EXHIBIT A

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 10/21/2019 1:35 PM
Reviewed By: R. Walker
Case #19CV354484
Envelope: 3544424

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA

| | |
|---|---|
| JAMES CALLAWAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>INTUIT INC.,<br><br>Defendant. | Case No. 19CV354484<br><br>**PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL OF THE CLASS ACTION COMPLAINT**<br><br>Honorable Thomas E. Kuhnle |

## REQUEST FOR VOLUNTARY DISMISSAL
## STATEMENT OF FACTS

On September 3, 2019, Plaintiff James Callaway filed a Class Action Complaint against Defendant Intuit Inc. Plaintiff sought damages related to Defendant's deceptive practices, which involved Defendant "inducing lower-income taxpayers into purchasing TurboTax products when they were eligible for free services pursuant to Intuit's agreement with the IRS." Compl. at ¶ 8. On October 10, 2019, Defendant filed a Motion to Compel Arbitration. After deliberation and consultation with his counsel, Plaintiff no longer wishes to pursue class claims and intends to pursue individual claims in arbitration. Plaintiff therefore brings this Request for Voluntary Dismissal of the Class Action Complaint, without prejudice.

## ARGUMENT

Pursuant to California Code of Civil Procedure § 581(c), "[a] plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety…without prejudice prior to the actual commencement of trial." Because this case is a putative class action, however, court approval is required for dismissal. Cal. Civ. Proc. Code § 581(k) ("No action may be dismissed which has been determined to be a class action under the provisions of this code unless and until notice that the court deems adequate has been given and the court orders the dismissal."). This rule applies even before a class is certified. *Marcarelli v. Cabell*, 58 Cal.App.3d 51, 53 (1976). For the following reasons, Plaintiff's request for voluntary dismissal should be granted.

First, Plaintiff has not received financial compensation from Defendant. "[W]hen a plaintiff sues on behalf of a class, he assumes a fiduciary obligation to the members of the class, surrendering any right to compromise the group action in return for an individual gain." *Marcarelli*, 58 Cal.App.3d at 54) (internal quotations omitted). Here, Plaintiff is not being compensated for this dismissal. Rather, Plaintiff simply no longer wishes to prosecute his class claims and will pursue his individual claims in another forum.

Second, dismissal of this action will not prejudice absent class members. The purpose of requiring approval of the court to dismiss a putative class action is "the protection of the class."

*Malibu Outrigger Bd. of Governors v. Superior Court*, 103 Cal.App.3d 573, 575 (1980).  Here, if the Court grants Defendant's Motion to Compel Arbitration, Plaintiff will be forced to adjudicate this dispute individually before an arbitration panel, and there will be no class action to speak of. Moreover, putative class members are free to reinstitute a class or individual action if they seek to do so.  Thus, absent class members are in no worse of a position if the Court grants voluntary dismissal now.

Finally, because absent class members will not be prejudiced by the dismissal, the Court need not require Plaintiff or Plaintiff's counsel to give notice of the dismissal to absent class members.  "[T]he obligation to notify absent class members before dismissing the case rests with the superior court, not the lead plaintiff or class counsel." *Pirjada v. Superior Court*, 21 Cal.App.4th 1074, 1088 (2011).  "No notice to absent class members is required at all if the court finds that dismissal will not prejudice them." *Id.* (citing Cal. Rules of Court, Rule 3.770(c)).  As discussed above, dismissal of this case will not prejudice absent class members.  Accordingly, no notice is required to be given to absent class members.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Request for Voluntary Dismissal and dismiss Plaintiff's Class Action Complaint, without prejudice, along with such other relief as the Court deems just and proper.

Dated:  October 21, 2019

**BURSOR & FISHER, P.A.**

By: *L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email:  ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402

Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*