IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHELE ARENA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTUIT INC., et al.,<br><br>    Defendants. | Case No. 19-cv-02546-CRB<br><br>**ORDER UNSEALING DOCUMENT** |

Exhibit A to Exhibit 1 of the Declaration of Daniel C. Girard (dkt. 112-6) is hereby unsealed. Because this information is necessary to explain the reasoning of the Court's forthcoming ruling on the Motion to Compel Arbitration (dkt. 97), the "public interest in understanding the judicial process" necessitates unsealing. See Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1181 (9th Cir. 2006). This order will go into effect on Tuesday, March 3, 2020, at 5:00 PM, unless either party is able to show that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist."[1] Id. at 1178–79 (internal quotation marks omitted).

**IT IS SO ORDERED.**

Dated: February 25, 2020



CHARLES R. BREYER
United States District Judge

---

[1] The Court concludes that the Motion to Compel Arbitration is "more than tangentially related to the merits of the case" and so the "compelling reasons" standard applies. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); see also Orlob-Radford v. Midland Funding LLC, No. 2:15-cv-00307-JLQ, 2016 WL 5859002, at *8 (E.D. Wash. Oct. 5, 2016) ("The Motion to Compel Arbitration in the instant matter strikes at the heart of Plaintiff's case: whether Plaintiff may bring her claims in federal court and whether she may bring class action claims. . . . Accordingly, to justify the sealing of . . . documents related to the Motion to Compel Arbitration, it is Defendants' burden to demonstrate a compelling reason to do so.").