**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IN RE INTUIT FREE FILE LITIGATION

Case No. 3:19-cv-02546-CRB

Honorable Charles R. Breyer

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and between Plaintiffs Andrew Dohrmann, Joseph Brougher, and Monica Chandler (collectively, "Plaintiffs"), on behalf of themselves and the proposed Settlement Class,[1] and Intuit Inc. ("Intuit" or "Defendant"). Subject to the terms and conditions set forth herein, and to the Court's approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, the settlement embodied in this Settlement Agreement is intended by the Parties to: (a) be a full and final disposition of the Action with respect to Defendant and (b) fully, finally, and forever resolve, discharge, dismiss, and settle the Released Claims against the Released Parties. Plaintiffs and Defendant are each a "Party" to this Settlement Agreement and are referred to collectively herein as the "Parties".

WHEREAS, in May 2019, several plaintiffs began filing lawsuits against Intuit relating to its participation in the IRS's Free File Program. *See, e.g.*, Complaint, *Sinohui et al. v. Intuit Inc.*, No. 3:19-cv-02546 (N.D. Cal. May 12, 2019), Dkt. No. 1.

WHEREAS, individual plaintiffs ultimately filed ten separate putative nationwide class-action lawsuits against Intuit in federal court. *See Sinohui v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-02546-CRB (the "*Sinohui* complaint"); *Dohrmann v. Intuit Inc., et al.*, N.D. Cal. Case No. 3:19-

---

[1] All capitalized words or terms not otherwise defined herein have the meaning set forth in Paragraph 1 of this Settlement Agreement, entitled "Definitions".

cv-02566-CRB (the "*Dohrmann* complaint"); *Allwein v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-02567-CRB (the "*Allwein* complaint"); *Nichols v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-02666-CRB (the "*Nichols* complaint"); *Kehiaian v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-02742-CRB (the "*Kehiaian* complaint"); *Leon v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-02878-CRB (the "*Leon* complaint"); *Cook v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-03460-CRB (the "*Cook* complaint"); *McConnaughey v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-03745-CRB (the "*McConnaughey* complaint"); *Ostrovsky v. Intuit Inc.*, N.D. Cal., Case No. 3:19-cv-05823-CRB (the "*Ostrovsky* complaint"); *Williams v. Intuit Inc.*, N.D. Cal., Case No. 3:20-cv-01908-CRB (the "*Williams* complaint").

WHEREAS, these lawsuits collectively alleged that as Intuit customers, plaintiffs were deceived into paying Intuit fees for filing tax returns because they were either (a) not made aware of the existence of software that Intuit donates to the IRS Free File program (IRS Free File Program delivered by TurboTax), which Intuit offers through a federal program created and overseen by the IRS; or (b) led to believe that they were not eligible for any free TurboTax product when Intuit informed them that they were ineligible for TurboTax's free commercial product (Free Edition). The lawsuits allege that Intuit engaged in an aggressive and misleading marketing and advertising campaign relating to the TurboTax Free Edition product.  These lawsuits further alleged that when TurboTax told consumers that they were not eligible for the "TurboTax Free Edition," a reasonable consumer would have believed that they were not eligible for any free filing offered by TurboTax. Furthermore, these lawsuits alleged that the availability of the Free File product was a material fact to consumers that TurboTax did not adequately disclose in connection with its sale of commercial products.

WHEREAS, the *Sinohui* complaint alleged that Intuit was liable for: (1) Breach of Contract; (2) Violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.; (3) Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.; (4) Violation of New York's General Business Law; and (5) Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law.  The *Sinohui* complaint sought the following: (1)

certification of a plaintiff class and appointment of plaintiffs as class representatives and their counsel as class counsel; (2) a finding that Intuit's conduct was unlawful; (3) an injunction enjoining Intuit from unlawful conduct; (4) damages, including punitive damages, excepting monetary relief for violations of the Consumer Legal Remedies Act; (5) statutory damages and penalties; (6) pre- and post-judgment interest; (7) attorneys' fees and costs; and (8) other relief as deemed just and proper by the court.

WHEREAS, the *Dohrmann* complaint alleged that Intuit was liable for: (1) Intentional Misrepresentation; (2) Unjust Enrichment; (3) Breach of Contract; (4) Violations of the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*.; (5) Violations of the Unfair Competition Law; and (6) Violations of the Consumers Legal Remedies Act.  The *Dohrmann* complaint sought the following: (1) certification of a plaintiff class and appointment of plaintiffs as class representatives and their counsel as class counsel; (2) damages and restitution; (3) pre- and post-judgment interest; (4) an injunction enjoining Intuit from unlawful conduct and omissions; (5) attorneys' fees and costs; and (6) other relief as deemed just and proper by the court.  The amended *Dohrmann* complaint added an additional claim for Restraint of Trade in Violation of the Sherman Act, 15 U.S.C. § 1, alleging, *inter alia*, that "Intuit and H&R Block entered into a continuing combination or conspiracy to unreasonably restrain trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1) by artificially reducing or eliminating competition in the market for do-it-yourself online tax preparation and filing services." *See* Dkt. No. 7 at 25 of 36 (Para. 113).  The amended *Dohrmann* complaint sought the following: (1) certification of a plaintiff class and appointment of plaintiffs as class representatives and their counsel as class counsel; (2) a joint and several judgment against Intuit and H&R Block; (3) damages and restitution, including treble damages or punitive damages; (4) pre- and post-judgment interest; (5) an injunction enjoining Intuit from unlawful conduct; (6) attorneys' fees and costs; and (7) other relief as deemed just and proper by the court.

WHEREAS, the *Allwein* complaint alleged that Intuit was liable for: (1) Fraud or Fraudulent Concealment; (2) Unjust Enrichment; (3) Violations of the California Unfair

Competition Law; (4) Violations of the California Consumers Legal Remedies Act; (5) Violations of the California False Advertising Law; and (6) Violations of the Maryland Consumer Protection Act (Md. Code Com. Law § 13-101, *et seq*.).  The *Allwein* complaint sought the following: (1) certification of a plaintiff class and appointment of plaintiffs as class representatives and their counsel as class counsel; (2) declaratory relief and an injunction enjoining Intuit from unlawful conduct; (3) injunctive relief in the form of notifying eligible taxpayers, a direct link on the TurboTax website advertising Freedom Edition, and full reimbursement for costs to Intuit and economic losses; (4) a declaration that Intuit is responsible for Class Notice and the administration of class relief; (5) costs, restitution, disgorgement, punitive damages, and exemplary damages, and compensatory damages for economic loss and out of-pocket costs; (6) statutory and civil penalties; (7) a declaration that Intuit is required to engage in corrective advertising; (8) pre-and post-judgment interest; (9) costs, expenses and attorneys' fees; and (10) other relief as deemed just and proper by the court.

WHEREAS, the *Nichols* complaint alleged that Intuit was liable for: (1) Breach of Contract; (2) Unjust Enrichment; (3) Violation of California's Consumer Legal Remedies Act; and (4) Violation of California's Unfair Competition Law.  The *Nichols* complaint sought the following: (1) certification of a plaintiff class and appointment of plaintiffs as class representatives and their counsel as class counsel; (2) a finding that Intuit's conduct was unlawful; (3) an injunction enjoining Intuit from unlawful conduct; (4) damages, including punitive damages, excepting monetary relief for violations of the Consumer Legal Remedies Act; (5) statutory damages and penalties; (6) pre- and post-judgment interest; (7) attorneys' fees and costs; and (8) other relief as deemed just and proper by the court.

WHEREAS, the *Kehiaian* complaint alleged that Intuit was liable for: (1) Breach of Contract; (2) Violation of California's Consumer Legal Remedies Act; and (3) Violation of North Carolina's Unfair and Deceptive Trade Practices Law.  The *Kehiaian* complaint sought the following: (1) certification of a plaintiff class and appointment of plaintiffs as class representatives and their counsel as class counsel; (2) a finding that Intuit's conduct was unlawful; (3) an

4

injunction enjoining Intuit from unlawful conduct; (4) damages, including punitive damages, excepting monetary relief for violations of the Consumer Legal Remedies Act; (5) statutory damages and penalties; (6) pre- and post-judgment interest; (7) attorneys' fees and costs; and (8) other relief as deemed just and proper by the court.

WHEREAS, the *Leon* complaint alleged that Intuit was liable for: (1) Intentional Misrepresentation; (2) Fraud or Fraudulent Concealment; (3) Unjust Enrichment; (4) Breach of Contract; (5) Violations of the California False Advertising Law; (6) Violations of the California Unfair Competition Law; and (7) Violations of the California Consumers Legal Remedies Act. The *Leon* complaint sought the following: (1) certification of a plaintiff class and appointment of plaintiffs as class representatives and their counsel as class counsel; (2) damages and restitution; (3) pre- and post-judgment interest; (4) an injunction enjoining Intuit from unlawful conduct; (5) attorneys' fees and costs; and (6) other relief as deemed just and proper by the court.

WHEREAS, the *Cook* complaint alleged that Intuit was liable for: (1) Violation of the California Consumer Legal Remedies Act; (2) Violation of the California False Advertising Law; (3) Violation of the California Unfair Competition Law; (4) Negligent Misrepresentation; and (5) Intentional Misrepresentation.  The *Cook* complaint sought the following: (1) certification of a plaintiff class and appointment of plaintiffs as class representatives and their counsel as class counsel; (2) a decree that Intuit's conduct was wrongful and violated the consumer protection statutes described in the complaint; (3) imposition of a constructive trust and and/or disgorgement of Intuit's ill-gotten gains and restitution; (4) distribution of any monies recovered on behalf of members of the Classes via fluid recovery or cy pres recovery; (5) recovery of the amounts by which Intuit has been unjustly enriched; (6) a temporary, preliminary and/or permanent order for injunctive relief requiring Intuit to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices; (7) that Intuit be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws; (8) pre-judgment interest; and (9) costs.

WHEREAS, the *McConnaughey* complaint alleged that Intuit was liable for: (1) Fraud or Fraudulent Concealment; (2) Negligence; (3) Violations of the California Unfair Competition Law; (4) Violations of the California Consumers Legal Remedies Act; (5) Violations of the California False Advertising Law; (6) Violation of New Jersey Consumer Fraud Act, N.J. STAT. ANN. § 56:8-1, *et seq*; and (7) Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law, 72 Pa. Cons. Stat. §§ 201-2 & 201-3, *et seq*.  The *McConnaughey* complaint sought the following: (1) an order enjoining Intuit from engaging in the wrongful conduct alleged herein concerning the unlawful, deceptive, fraudulent, harmful, and unfair business conduct and practices; (2) an order compelling Intuit to notify eligible taxpayers, provide a direct link on the TurboTax website to properly advertise Freedom Edition to eligible participants, and fully reimbursing and making whole Plaintiff and all members of the Classes for all costs paid to Intuit and economic losses; (3) disgorgement of wrongfully obtained profits; (4) compensatory, statutory, and punitive damages; (5) reasonable attorneys' fees costs and litigation expenses; (6) interest on all amounts awarded; and (7) other and further relief as the court may deem just and proper.

WHEREAS, the *Ostrovsky* complaint alleged that Intuit was liable for: (1) Breach of Contract; (2) Breach of Implied Covenant; (3) [Breach of] Quasi-Contract; (4) Rescission; (5) Reformation; (6) Conversion; (7) Violation of the Arizona Consumer Fraud Act, A.R.S. §44-1521, *et seq*.; and (8) Violation of California Unfair Competition Law.  The *Ostrovsky* complaint sought the following: (1) certification of a plaintiff class and appointment of plaintiffs as class representatives and their counsel as class counsel; (2) a finding that Intuit's conduct was unlawful as alleged herein; (3) an order enjoining Intuit from engaging in further unlawful conduct as alleged; (4) rescission or reformation; (5) nominal, actual, restitution, compensatory, and consequential damages; (6) statutory damages and penalties; (7) pre-judgment and post-judgment interest; (8) reasonable attorneys' fees, costs, and expenses; and (9) other relief as the Court deems just and proper.

WHEREAS, the *Williams* complaint alleged that Intuit was liable for: (1) fraudulent Inducement; (2) Unjust Enrichment; (3) Deceptive Acts or Practices, New York Gen. Bus. Law §

349; (4) False Advertising (under New York Gen. Bus. Law § 350); and (5) Breach of Contract. The *Williams* complaint sought the following: (1) certification of a plaintiff class and appointment of plaintiffs as class representatives and their counsel as class counsel; (2) a determination that any purported arbitration clause or class action waiver, as well as the other terms of use, are voidable due to fraudulent inducement, thereby permitting plaintiff and the class to rescind any such purported agreement; (3) an order enjoining Intuit from engaging in the wrongful conduct alleged concerning the unlawful, deceptive, fraudulent, harmful, and unfair business conduct and practices; (4) an order compelling Intuit to notify eligible taxpayers, provide a direct link on the TurboTax website to properly advertise Freedom Edition to eligible participants, and fully reimburse and make whole plaintiff and all members of the class for all costs paid to Intuit; (5) disgorgement of wrongfully obtained profits; (6) compensatory, statutory, and punitive damages, in an amount to be determined; (7) reasonable attorneys' fees costs and litigation expenses; (8) interest; and (9) such other and further relief as the court deems just and proper.

WHEREAS, in June 2019, the federal class action lawsuits were consolidated before the Honorable Judge Breyer in the U.S. District Court for the Northern District of California ("this Court" or "the Court").  *See In re Intuit Free File Litigation*, Master File No. 3:19-cv-02546-CRB (N.D. Cal.), Dkt. No. 42.  Pursuant to Rule 23(g)(3), the Court appointed Settlement Class Counsel as co-lead interim class counsel (*see id*. at Dkt. No. 72), tasked with "responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litigation (Fourth)* § 21.11 (2004) (p. 246).

WHEREAS, on September 13, 2019, the federal class action plaintiffs filed an amended consolidated complaint.  Dkt. No. 80.  The consolidated complaint alleges a nationwide class of consumers who "during the applicable limitations period were eligible to file a federal tax return pursuant to the IRS Free File Program on Intuit's TurboTax Freedom Edition website but paid a fee to TurboTax to file such return".  Consolidated Class Action Complaint, Dkt. No. 80 at ¶ 99. The consolidated complaint asserts claims for unfair competition under California Unfair

Competition Law and unjust enrichment.  Consolidated Class Action Complaint, Dkt. No. 80 at ¶¶120-153.  Although certain named Plaintiffs originally sued Intuit for damages and injunctive relief, the operative consolidated complaint reframes Plaintiffs' monetary demands as "claims in equity for restitution."  *Compare* amended *Dohrmann* complaint, Dkt. No. 7, *Dohrmann* complaint, Dkt. No. 1, *with* Consolidated Class Action Complaint, Dkt. No. 80 at ¶¶102-107.  The operative complaint further states that: "Plaintiffs assert only claims for equitable and injunctive relief at this time."  *Id.* at 42 of 43 (Demand for Jury Trial).

WHEREAS, on October 28, 2019, Intuit moved to compel arbitration under the arbitration provision in the TurboTax Terms of Service ("Terms").  Motion to Compel Arbitration, Dkt. No. 97.  The Court stayed the action pending a decision on the motion to compel arbitration on the condition that Intuit provide Plaintiffs with the documents produced in *People of the State of California v. Intuit Inc.*, No. 19STCV15644 (Cal. Super. Ct. Los Angeles County May 6, 2019).  Intuit produced over 21,000 documents, totaling over 100,000 pages, including the following categories of documents: (a) marketing materials; (b) internal emails and presentations; (c) blog posts; (d) screen captures; and (e) customer complaints.

WHEREAS, on March 12, 2020, this Court denied the motion to compel arbitration.  Order Denying Motion to Compel Arbitration, Dkt. No. 141.  Intuit noticed an appeal and sought an emergency stay pending appeal from the United States Court of Appeals for the Ninth Circuit.  Defendant Intuit Inc.'s Notice of Appeal, Dkt. No. 142; 20 Civ. 15466, Dkt. Nos. 2-1.  The Ninth Circuit granted the stay motion and *sua sponte* expedited the appeal.  *Id.*, Dkt. No. 12.  The Ninth Circuit subsequently ruled in Intuit's favor, finding that the consumers' claims must be arbitrated.  *See Dohrmann v. Intuit Inc.*, 823 Fed. Appx. 482, 483–85 (9th Cir. 2020).

WHEREAS, on October 29, 2020, Plaintiff Dohrmann filed a demand for arbitration with the AAA against Intuit asserting claims virtually identical to those asserted in the consolidated amended complaint and seeking, in part, "an order with the primary purpose and effect of benefiting the public by enjoining Intuit from engaging in all manner of unfair, unlawful, deceptive,

misleading or otherwise wrongful acts, omissions or practices, in connection with its participation in the Free File Program, that threaten future injury to Claimant and/or the general public."

WHEREAS, the instant settlement is the product of the extensive and ongoing settlement discussions between Defendant's counsel and Court-appointed interim class counsel beginning in September 2019 and continuing through November 2020.  The Parties first met and discussed settlement at the Rule 26(f) conference on September 25, 2019, and held settlement discussions on an ongoing basis thereafter, including factual presentations and exchanges of information, and held an initial mediation with the Hon. Edward A. Infante (Ret.) of JAMS on June 22, 2020.  Although the parties did not settle at the first mediation, the parties continued to exchange factual presentations and written submissions, and continued to discuss potential approaches to a class settlement, including several follow up conferences with Judge Infante.  On November 11, 2020, the parties held a second formal mediation with Judge Infante and agreed to the terms set forth in this Settlement.

WHEREAS, the Parties agree that the Monetary Consideration to be paid and the Non-Monetary Benefits terms of the Settlement set forth herein were negotiated at arm's length and in good faith and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

WHEREAS, Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted.  However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendant.  Plaintiffs have also taken into account the Ninth Circuit's ruling in Intuit's Motion to Compel Arbitration, the uncertain outcome and the risk of any litigation and arbitration, especially in complex actions such as the Action here, as well as the difficulties and delays inherent in such litigation.  Settlement Class Counsel is also mindful of the inherent issues relating to proof and the possible defenses to the claims alleged in the Action.  Based on their evaluation, Plaintiffs and Settlement Class Counsel believe that the Settlement set forth in this Settlement Agreement

confers meaningful benefits on the Settlement Class and is in the best interests of Plaintiffs and the Settlement Class.

WHEREAS, Defendant denies all material allegations in the Action and denies any fault, wrongdoing, or liability whatsoever arising out of or related to their business practices; Defendant also affirmatively state that their practices have been lawful and proper.  Defendant denies that trial of the Action is suitable for class treatment, and further denies liability to Plaintiffs or to others similarly situated, including all Settlement Class Members.  Execution of this Settlement Agreement is not, and shall not be construed as, an admission of wrongdoing or liability by Defendant, an admission that Defendant violated any provision of federal or state law, or an admission that Defendant concedes that class treatment of the Action is appropriate.  Defendant is mindful, however, that defending the Action and related actions would expose it to continuing risks of litigation and require it to expend significant time and money.  Defendant therefore has decided that it is in its best interest to resolve the Action on the terms set forth in this Settlement Agreement and thereby avoid the further expense and inconvenience that continuing the litigation would entail;

WHEREAS, this Settlement Agreement, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of Defendant with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has or could have been asserted.  Defendant is entering into this Settlement solely to eliminate the significant burden, expense, and distraction of further litigation.

**NOW THEREFORE**, without any concession by Plaintiffs, on behalf of themselves and the Settlement Class Members, that the Action lacks merit, and without any concession by Defendant of any liability or wrongdoing or the lack of merit of any of their defenses, it is hereby **AGREED** by and between Plaintiffs, on behalf of themselves and the Settlement Class Members, and Defendant, through their undersigned counsel, subject to approval by the Court pursuant to

Rule 23 of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Parties, all Released Claims as against all Released Parties shall be fully, finally, and forever settled, released, discharged, and dismissed with prejudice, and without costs, as follows:

## I.   DEFINITIONS

As used in this Settlement Agreement and its exhibits, the following capitalized terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)      "Action" means the civil action captioned *IN RE INTUIT FREE FILE LITIGATION*, Case No. 3:19-cv-02546-CRB (N.D. Cal.), and all cases consolidated into that action, including: *Sinohui v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-02546-CRB; *Dohrmann v. Intuit Inc., et al.*, N.D. Cal. Case No. 3:19-cv-02566-CRB; *Allwein v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-02567-CRB; *Nichols v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-02666-CRB; *Kehiaian v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-02742-CRB; *Leon v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-02878-CRB; *Cook v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-03460-CRB; *McConnaughey v. Intuit Inc.*, N.D. Cal. Case No. 3:19-cv-03745-CRB; *Ostrovsky v. Intuit Inc.*, N.D. Cal., Case No. 3:19-cv-05823-CRB; and *Williams v. Intuit Inc.*, N.D. Cal., Case No. 3:20-cv-01908-CRB.

(b)      "CAFA Notice" means the notice required pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1715 et seq. ("CAFA").

(c)      "Cash Award" means a cash payment to an eligible Settlement Class Member.

(d)      "Claim Deadline" means the date set by the Court for Settlement Class Members to submit a valid Claim Form, which shall be set forth in the Preliminary Approval Order.

(e)      "Claim Form" means the document, agreed upon by the Parties and approved by the Court, that Settlement Class Members must submit to be eligible for a cash payment from the Settlement Fund.  The Claim Form will be available online at the Settlement Website. The Claim Form shall be substantially in the form attached as Exhibit 2 to the [Proposed] Order Granting Plaintiffs' Motion for Preliminary Approval.

(f)      "Court" means the United States District Court for the Northern District of California.

(g)      "Defendant" means Intuit Inc. and Intuit Consumer Group LLC.

(h)      "Digital Publication Notice" means digital advertisements used to supplement the actual direct Notice to be provided to the Settlement Class and to notify Settlement Class Members of the pendency of this Action and Settlement.  A minimum of 15 million impressions shall be delivered by the Settlement Class Administrator using the known contact information and demographics of the Settlement Class, and the digital banner advertisements will be targeted to Settlement Class Members and potential Settlement Class Members. The digital banner advertisements to be used in connection with the Digital Publication Notice shall be in a form determined by the Settlement Class Administrator in consultation with the Parties and approved by the Court.

(i)      "Effective Date" means the first day on which each of the conditions specified in Section IX of this Settlement Agreement shall have occurred or been waived.

(j)      "Email Notice" means the summary of the Long Form Notice to be provided to each Settlement Class Member and for whom Defendant has an email address.  The Settlement Class Administrator shall send the Email Notice to Settlement Class Members in accordance with the notice procedures described in Section VI herein.

(k)      "Escrow Account" means one or more separate escrow account(s) maintained by the Escrow Agent(s) into which the Monetary Consideration will be deposited for the benefit of the Settlement Class until such time as the Monetary Consideration is transferred pursuant to the terms of this Settlement Agreement.  All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be disbursed pursuant to the terms of this Settlement Agreement and/or further order of the Court.  The Escrow Agent shall invest the funds in the Escrow Account in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank

account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. Defendant and Defendant's counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.  In the event this Settlement Agreement fails for any of the reasons identified in Section XI, below, the contents of the Escrow Account will revert to Defendant in accordance with the terms of that Section.

(l)      "Escrow Agent" means the financial institution selected by the Settlement Class Administrator to with the approval of the Parties to receive and hold the Monetary Consideration under the terms of this Settlement Agreement.

(m)      "Final" with respect to a court order, means the latest of (i) if there is an appeal from that court order, the date of final affirmance on appeal and the expiration of the time (including on a showing of excusable neglect or good cause) for any further judicial review whether by appeal, reconsideration, or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the order following review under the grant; (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the order; or (iii) the expiration of the time for filing or noticing of any appeal or petition for a writ of certiorari from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought).  No appeal or proceeding seeking subsequent judicial review pertaining solely to the Court's award of attorneys' fees and reimbursement of costs shall in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

(n)      "Final Approval Hearing" means the hearing held by the Court to determine whether to enter the Final Approval Order and Judgment.

(o)    "Final Approval Order and Judgment" or "Judgment" means the Court order (i) finally approving the Settlement; and (ii) dismissing the Action with prejudice.

(p)    "Long Form Notice" means the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees, Reimbursement of Costs, and Service Awards, and Settlement Hearing which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 1 to the [Proposed] Order Granting Plaintiffs' Motion for Preliminary Approval, that the Settlement Class Administrator shall post in downloadable form on the Settlement Website and provide to potential Settlement Class Members, upon request, in accordance with the notice procedures described in Section VI herein.

(q)    "Monetary Consideration" means the cash sum of Forty Million Dollars ($40,000,000) that shall be paid by Defendant to settle the Action in accordance with the terms of this Settlement Agreement, as identified in Section III(d).

(r)    "Net Monetary Consideration" means the Monetary Consideration less: (i) Court-awarded attorneys' fees, reimbursement of costs, and Service Awards; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other costs, fees, or expenses approved by the Court.

(s)    "Non-Monetary Benefits" means the relief to Settlement Class Members as identified in Section III(a).

(t)    "Notice" means the Email Notice, the Long Form Notice, the Digital Publication Notice, and the Settlement Website.

(u)    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing Notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing Notice of the proposed Settlement by electronic mail, digital publication, and other means to Settlement Class Members; (ii) providing CAFA Notice; (iii) determining the amount of Cash Awards to be paid to eligible Settlement Class Members; (iv) communicating with Settlement Class Members regarding the proposed Settlement

and the administration process; and (v) distributing the Net Monetary Consideration to Settlement Class Members.

(v)      "Objection Deadline" shall be the date set by the Court for Settlement Class Members to return notice of their objection to this Settlement, which shall be at least forty-five (45) days after entry of the Preliminary Approval Order and at least thirty (30) days before the Final Approval Hearing.

(w)      "Opt-Out Deadline" shall be the date set by the Court for Settlement Class Members to return notice of their desire to opt out of this Settlement, which shall be at least forty-five (45) days after entry of the Preliminary Approval Order and at least thirty (30) days before the Final Approval Hearing.

(x)      "Preliminary Approval Order" means the order by the Court granting preliminary approval of this Settlement Agreement, substantially in the form attached hereto as Exhibit A.

(y)      "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, refunds, reimbursements, restitution, and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, local law, common law or equity, state or federal antitrust laws, any state's consumer protection laws, unjust enrichment, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, including Unknown Claims, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Fairness Approval Order and Judgment, that relate to or arise out of any claims that were or could have been alleged by a member of the Settlement Class in the Action as of the date of entry of the Preliminary Approval Order (with the exception of claims to enforce the Settlement or the Judgment).

(z)      "Released Parties" means Defendant, its parents, subsidiaries and affiliates and each of its current and former, officers, directors, managers, employees, affiliates, consultants,

vendors, attorneys, creditors, accountants, insurers, and shareholders.   Released Parties also includes the Settlement Class Representatives and their attorneys.

(aa)    "Releasing Parties" means each and all of the Plaintiffs, Settlement Class Counsel, and each and every Settlement Class Member.   Releasing Parties also includes Defendant.

(bb)    "Service Award" shall have the meaning ascribed to it in Section IV.

(cc)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Settlement Agreement.

(dd)    "Settlement Agreement" means this Settlement Agreement, including any exhibits or attachments hereto.

(ee)    "Settlement Class" means all persons within the United States who, from January 1, 2015 to November 1, 2020, paid to use TurboTax online in a year in which they were eligible to file for free with the TurboTax Free File Program (known from 2015-2018 as "TurboTax Freedom Edition," known in 2019 as "TurboTax Free File Program," and known in 2020 as "IRS Free File Program Delivered by TurboTax").

(ff)    "Settlement Class Administrator" means JND Legal Administration ("JND"), the neutral third party selected by Settlement Class Counsel that will, subject to Court approval, administer the settlement of claims by the Settlement Class and effectuate Notice and otherwise administer the Settlement.

(gg)    "Settlement Class Counsel" means the law firms of Girard Sharp LLP and Stueve Siegel Hanson LLP.

(hh)    "Settlement Class List" means the list of individuals in the Settlement Class that Defendant will provide to the Settlement Class Administrator within twenty-one (21) business days of entry of the Preliminary Approval Order.

(ii)    "Settlement Class Members" means those persons who are members of the Settlement Class, and who do not timely and validly request exclusion from the Settlement Class.

(jj)    "Settlement Class Period" means the period from January 1, 2015 to November 1, 2020.

(kk)    "Settlement Class Representatives" means Plaintiffs Andrew Dohrmann, Joseph Brougher, and Monica Chandler.

(ll)    "Settlement Fund" means the Monetary Consideration deposited in the Escrow Account.

(mm)   "Taxes" means all (i) taxes on any income earned on the Monetary Consideration; (ii) taxes imposed on payments of the Monetary Consideration, including withholding taxes; and (iii) reasonable expenses and costs incurred in connection with the taxation of the Monetary Consideration (including, without limitation, interest, penalties, and the reasonable expenses of tax attorneys and accountants).

(nn)    "TurboTax Free File Program" means TurboTax Freedom Edition (2015-2018), TurboTax Free File Program (2019), or IRS Free File Program Delivered by TurboTax (2020).

(oo)    "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any other Settlement Class Member does not know or suspect to exist in her, his, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected her, his, or its decision(s) with respect to the Settlement, including the decision to seek exclusion from or object to the Settlement.

## II.        CERTIFICATION OF THE SETTLEMENT CLASS

(a)    Plaintiffs shall seek, and the Defendant shall not oppose, the certification, for settlement purposes only, of the Settlement Class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in this Action.  No agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used by Plaintiffs, any person in the Settlement Class or any other person to establish any of the elements of liability or class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

(b)     For settlement purposes only, Plaintiffs shall also seek, and Defendant shall not oppose, the appointment of Settlement Class Counsel and the appointment of Plaintiffs to serve as Settlement Class Representatives, to represent the Settlement Class.

## III.     SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

(a)     <u>Non-Monetary Benefits</u>:  For so long as it participates in the IRS Free File Program, up to a maximum of three years, and so long as permissible under the IRS' rules for the program, Intuit will implement and maintain the following business practice commitments, to be incorporated in the Final Approval Order and Judgment:

i.      Intuit is prohibited from engaging in any practice that would cause the Landing Page for IRS Free File Program Delivered by TurboTax (https://freefile.intuit.com) to be "de-indexed" from organic internet search results.

ii.     Intuit agrees to disclose the existence of the IRS Free File Program and qualifications to file for free under the IRS Free File Program on one or more webpages maintained as part of, and accessible from the homepage of, the intuit.turbotax.com domain, and provide information on how to participate in the IRS Free File Program, and to maintain a publicly-available webpage on the same domain setting forth the forms and schedules not covered in TurboTax Free Edition.

iii.    Intuit will create a minimum of 3 blog posts each tax filing season (January 15-April 15) on its commercial website informing consumers about the IRS Free File Program and linking thereto.

iv.     Until a customer files their taxes or voluntarily unsubscribes from receiving such emails, Intuit will send a minimum of six (6) email reminders to returning IRS Free File Program Delivered by TurboTax customers.

v.      When marketing TurboTax Free Edition on its commercial website, intuit.turbotax.com, Intuit will adhere, to the fullest extent practicable, to the Federal Trade Commission's guidelines for online marketing set forth in *.com Disclosures:  How to Make*

*Effective Disclosures in Digital Advertising*, available at
https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-staff-revises-online-
advertising-disclosure-guidelines/130312dotcomdisclosures.pdf.

(b)     Prior to pursuing any remedy for failure to comply with Paragraph III(a),
Plaintiffs agree to give Intuit written notice of the alleged failure to comply, including the
specific term(s) at issue and a reasonably detailed description of the conduct Plaintiffs believe to
be out of compliance.  Intuit shall have forty-five (45) days from receipt of such notice to cure
the alleged failure, to the extent practicable and technologically feasible.  During the forty-five
(45) day period, the Parties shall meet and confer to resolve any disputes regarding the issue or to
otherwise explore a joint resolution.  If Intuit requires additional time to cure any alleged failure,
the parties may agree to extend the forty-five (45) day cure period, and consent from the
Plaintiffs shall not be unreasonably withheld.

(c)     The Long Form Notice shall also advise Settlement Class Members that they may
be eligible to use the IRS's Free File Program to file their taxes for free in 2021.

(d)     <u>Monetary Consideration</u>.  In addition to the Non-Monetary Benefits set forth
above, in consideration of the releases, covenants, and other agreements set forth in this
Settlement Agreement, Intuit shall pay Monetary Consideration totaling Forty Million Dollars
($40,000,000) into the Escrow Account as follows:  (i) Two Million Dollars ($2,000,000) within
fourteen (14) days of entry of the Preliminary Approval Order; and (ii) Thirty-Eight Million
Dollars ($38,000,000) within fourteen (14) days of entry by the Court of a final and non-
appealable Final Fairness Approval Order and Judgment.

(e)     Other than the Monetary Consideration, Defendant shall owe no additional
monies of any kind under this Settlement Agreement.

## IV.     PAYMENT OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

(a)     Defendant agrees not to oppose or object to Settlement Class Counsel's request for
an  award  of  attorneys'  fees  and  reimbursement  of  costs  to  be  paid  from  the  Monetary

Consideration, provided that the total amount of any such request does not exceed twenty-five percent (25%) of the Monetary Consideration.

(b)     Within thirty (30) days of entry of the Final Approval Order and Judgment, any award of attorneys' fees and costs shall be paid to Settlement Class Counsel from the Escrow Account.  Any payment of attorneys' fees and costs pursuant to this Paragraph shall be subject to Settlement Class Counsel's joint and several obligation to make refunds or repayments to the Escrow Account of any paid amounts, plus accrued earnings at the same net rate as is earned by the Escrow Account, if: (a) as a result of any appeal or further proceedings on remand or successful collateral attack, the fee or cost is reduced, vacated, or reversed by a Final, non-appealable court order; (b) this Settlement is terminated or cancelled for any reason; or (c) the Settlement is not approved or is reversed or modified by any court.  If any one or more of the events described in this Paragraph occur, Settlement Class Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) calendar days after receiving notice of the event(s).  Defendant may request such additional written undertakings on the part of Settlement Class Counsel concerning repayment of any funds owed pursuant to this paragraph prior the payment of an award of attorneys' fees and costs from the Escrow Account as it may in the exercise of its reasonable discretion determine.

(c)     Defendant agrees not to oppose or object to Plaintiffs' request for Service Awards from the Monetary Consideration, provided such awards do not exceed $10,000 to each of the Settlement Class Representatives in the Action. The Parties recognize and agree that the Service Award to Settlement Class Representatives is solely to compensate the Settlement Class Representatives for work done on behalf of the Settlement Class.  The Service Awards will be paid upon the Effective Date.  Each Settlement Class Representative's damages as alleged in the Action will be compensated on a pro rata basis and on the same payment formula as all Settlement Class Members.

(d)     With the sole exception of Defendant causing the payment of the Monetary Consideration into the Escrow Account as provided for in Section III(b), Defendant shall have no

responsibility for, shall take no position with respect to, and have no liability whatsoever with respect to, any payment whatsoever to Settlement Class Counsel in the Action that may occur at any time.  The sole source of any payment of attorneys' fees shall be the Monetary Consideration deposited into the Escrow Account.

(e)     Defendant shall have no responsibility for, and no liability whatsoever with respect to, any allocation of attorneys' fees or litigation expenses between Settlement Class Counsel in this Action.

(f)     The payment of attorneys' fees, costs, and any Service Awards are subject to and dependent upon the Court's approval of the Settlement Agreement as fair, reasonable, adequate, and in the best interests of Settlement Class Members.  However, this Settlement Agreement is not dependent or conditioned upon the Court's approving Plaintiffs' or Settlement Class Counsel's requests for such payments or awarding the particular amounts sought.  In the event the Court declines Plaintiffs' or Settlement Class Counsel's requests or awards less than the amounts sought, this Settlement Agreement shall continue to be effective and enforceable by the Parties.

## V.     <u>PRELIMINARY APPROVAL</u>

(a)     Plaintiffs shall move the Court for entry of the Preliminary Approval Order. Pursuant to the motion for preliminary approval, Plaintiffs shall request that:

i.     the Court certify the Settlement Class for settlement purposes only, appoint Plaintiffs as the Settlement Class Representatives for settlement purposes only, and appoint Settlement Class Counsel as counsel for the Settlement Class for settlement purposes only;

ii.     the Court preliminarily approve the Settlement Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

iii.     the Court approve the form of Notice and find that the notice program set forth constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

iv.     the Court order that  all proposed Settlement Class Members be enjoined from commencing, prosecuting, or participating in any way in any other lawsuit or legal action

against Defendant based on the facts and circumstances at issue in this case in any court or arbitral tribunal unless and until they have validly opted out of the Settlement Class, approval of the Settlement Agreement is denied, or the Settlement Agreement is otherwise terminated, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement, to the full extent agreeable with the usages and principles of law, as set forth in 28 U.S.C. section 1651(a);

v.      the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

vi.      the Court set the Objection Deadline and the Opt-Out Deadline.

(b)      No bond shall be required for the injunction set forth in Paragraph V(a)(iv).  Except with respect to those Settlement Class Members who have been deemed to have validly opted out of the Settlement pursuant to the process set forth in Section VII, the stay and injunction shall remain in place until the entry by the Court of a final and non-appealable Final Fairness Approval Order and Judgment.

(c)      Other than actions taken for purposes of effectuating this Settlement Agreement, the Parties agree to stay the Action and any related appeals within ten (10) days of the filing of the motion for preliminary approval.

## VI.      ADMINISTRATION AND NOTIFICATION PROCESS

(a)      Subject to Court approval, Plaintiffs have selected JND Legal Administration ("JND"), to serve as Settlement Class Administrator, who shall be responsible for all matters relating to notice and administration of this Settlement.

(b)      The Settlement Class Administrator's responsibilities shall include, but are not limited to, giving notice pursuant to the Notice program; obtaining new addresses for returned email; setting up and maintaining the Settlement Website, www.turbotaxclasssettlement.com, a toll-free telephone number with Spanish-language telephone support; initiating and administering the Digital Publication Notice component of the Notice program; fielding inquiries about the Settlement; receiving and processing claims submitted by Settlement Class Members;

implementing distribution of the Cash Awards to Settlement Class Members in accordance with the Court's order(s); maintaining records of all its activities relating to Notice and Administration of this Settlement; and any other tasks reasonably required to effectuate the foregoing.  Before the Effective Date, without further Order of the Court, up to five hundred thousand Dollars ($500,000) of the Monetary Consideration may be transferred from the Escrow Account to the Settlement Class Administrator to pay Notice and Administration Expenses actually and reasonably incurred by the Settlement Class Administrator.

i.      The Settlement Class Administrator, at the direction of Settlement Class Counsel, shall make an initial distribution of payments to Settlement Class Members eligible to receive a Cash Award within sixty (60) days of the Effective Date.  The Settlement Class Administrator shall not make any distributions to Settlement Class Members who make a timely request to exclude themselves from the Settlement Class.

ii.      Settlement Class Members that submit a valid Claim Form to the Settlement Administrator by the Claim Deadline shall receive a *pro rata* Cash Award from the Net Monetary Consideration. The *pro rata* Cash Award to each Settlement Class Member will equal the quotient of the Net Monetary Consideration divided by the total number of Settlement Class Members that submit valid Claim Forms to the Settlement Administrator by the Claim Deadline.

iii.      The Settlement Class Administrator shall attempt to distribute all of the Net Monetary Consideration that is distributable to Settlement Class Members eligible for a Cash Award who submit valid Claim Forms to the Settlement Class Administrator by the Claim Deadline.  Any unclaimed distributions to such Settlement Class Members shall be distributed in additional distribution(s) to Settlement Class Members who accepted or elected to receive a *pro rata* payment amount (*e.g.*, cashed their checks or otherwise opted for alternative electronic funds distribution in a manner to be provided by the Settlement Class Administrator).  Redistributions of available funds shall continue, at the discretion of the Settlement Class Administrator, in consultation with Settlement Class Counsel, until such time as the Settlement Class Administrator believes that further distributions would not be economically feasible.  In cases where a Settlement

Class Member opts to receive payment by a mailed paper check, the Settlement Class Administrator shall not be required to make a *pro rata* distribution in an amount less than Ten Dollars ($10.00).

           iv.        Any Net Monetary Consideration balance that remains after distributions to Settlement Class Members (until further distributions are no longer economically feasible), payment of Notice and Administration Expenses, Taxes, attorneys' fees and costs, and Service Awards, if any, shall be disposed of as determined by the Court.  No portion of the Net Monetary Consideration shall revert to Defendant.

       (c)     Defendant shall provide the following information concerning the Settlement Class to the Settlement Class Administrator, to the extent available:  (i) consumer name, (ii) consumer address (last known mailing address); (iii) the last four digits of Social Security number (or some other unique number that can be used to verify identity during administration); (iv) consumer email address; and (vii) information needed to calculate the *pro rata* distribution described above.  To the extent information needed to calculate the pro rata distribution for a Settlement Class Member in a particular year is not readily available, the Parties shall develop a reasonable proxy to compensate Settlement Class Members for payments made in that year, and any Settlement Class Member that otherwise believes he or she was eligible shall be permitted to submit information supporting a claim.  Settlement Class Counsel shall also have the Settlement Class Administrator execute a confidentiality agreement in a form acceptable to all Parties that requires the Settlement Class Administrator to maintain the data above as confidential and use such information only for the purposes of effectuating this Settlement.  Defendant consents to Settlement Class Counsel's receiving access to this data in anonymized and aggregated form for purposes of effectuating this Settlement.  Class Counsel is precluded from using the data for Settlement Class Members for any other purpose.

       (d)     Subject to approval by the Court, Notice shall be provided to all persons in the Settlement Class in accordance with the notice procedures approved by the Court.  The form of the Long Form Notice and Claim Form are attached to the [Proposed] Order Granting Plaintiffs'

Motion for Preliminary Approval as Exhibits 1 and 2.  Notice will be sent in accordance with Fed. R. Civ. P. 23(c) in the manner approved by the Court in its Preliminary Approval Order. The Settlement Class Administrator shall also establish a case specific Settlement Website (described below) at which copies of the Long Form Notice shall be available for download and where a potential Settlement Class Member may request hard copies of the Notice.  The Settlement Class Administrator shall attempt to locate alternate addresses for any returned email, and shall promptly re-mail the Settlement Class Notice.

      (e)     The Settlement Class Administrator shall create and maintain a website that will be activated within seven (7) days following entry of the Preliminary Approval Order (the "Settlement Website").  The Settlement Website will post the Settlement Agreement, the Long Form Notice, the Preliminary Approval Order, the proposed Final Approval Order and Judgment, and, if not included in the Preliminary Approval Order, any court order setting a date and time for the Final Approval Hearing, and any other information required by the Court or agreed to by the Parties. Any information appearing on the Settlement Website in addition to the above-listed documents and upcoming court deadlines shall be subject to approval of the Parties.  The Settlement Website also will offer a Spanish-language translation option.  The Settlement Website shall have the standalone domain www.turbotaxclasssettlement.com.  The Settlement Website will include a portal through which a Settlement Class Member can determine if he or she is eligible to receive a Cash Award.  That portal shall be available at least thirty-five (35) days prior to the Objection Date and the Opt-Out Deadline.  The Settlement Website will also provide a mechanism for submission of a completed Claim Form.  The Settlement Website shall be taken down within ninety (90) days of the last payment to a Settlement Class Member.

      (f)     All costs of Notice and administration of the Settlement Agreement shall be paid from the Monetary Consideration.

      (g)     The Settlement Class Administrator shall assist Defendant's counsel in preparing the CAFA Notice and will serve those materials within ten (10) days of the filing of the motion for

preliminary approval, in conformance with the time limitations set forth in 28 U.S.C. § 1715(b). The costs of the CAFA notice shall be paid from the Escrow Account.

(h)     No later than twenty-one (21) calendar days prior to the Final Approval Hearing, the Settlement Class Administrator shall file with the Court an affidavit or a declaration stating that the Notice and CAFA Notice required by the Settlement Agreement have been completed in accordance with the terms of the Preliminary Approval Order.

## VII.     OPT-OUTS AND OBJECTIONS

(a)     Any member of the Settlement Class who wishes to exclude herself or himself from the Settlement Class must advise the Settlement Class Administrator in writing of that intent, and the opt-out request must be postmarked no later than the Opt-Out Deadline.  The Settlement Class Administrator shall provide counsel to the Parties with copies of all opt-out requests it receives in weekly status reports to the Parties and shall provide a list of all Settlement Class Members who timely and validly opted out of the Settlement in its declaration filed with the Court concurrent with Settlement Class Counsel's motion for final approval of the Settlement Agreement.  The Settlement Class Administrator's declaration shall include the names of persons who have excluded themselves from the Settlement, but it shall not include their addresses or any other personal identifying information.  Settlement Class Members who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases.

i.     In a written request for exclusion, the Settlement Class Member must state: (a) the Settlement Class Member's full name; (b) the Settlement Class Member's address, telephone number, and email address; (c) the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (d) a statement indicating that they are a member of the Settlement Class and wish to be excluded from the Settlement; and (e) if the Settlement Class Member has filed a lawsuit or arbitration against Intuit, the case name and case number relating to the Settlement Class Member.  Opt-outs must bear original or PDF copy of class member's hand-written signature.  An opt-out may not be signed by a lawyer or anyone acting on a Settlement Class Member's behalf.

ii.      Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Settlement Agreement.

iii.      "Mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members will not be valid.  Each opt-out request must be submitted on an individual basis.

(b)      If there is no challenge to the validity of an opt out request by Defendant within five (5) business days of Defendant receiving notice from the Settlement Administrator of the opt-out request, the stay and/or injunction set forth in Paragraph V(a)(iv) shall be immediately lifted as to that Settlement Class Member.   In the event of a challenge, the stay shall remain in place until the Court resolves the challenge and determines the request for exclusion is valid.

(c)      Any Settlement Class Member who intends to object to this Settlement Agreement and/or to Settlement Class Counsel's application for attorneys' fees, reimbursement of costs, or Service Awards to Settlement Class Representatives must file with the Court a written objection signed by the Settlement Class Member by the Objection Deadline.

(d)      For an objection to be considered by the Court, the objection must include the following:

i.      the Settlement Class Member's full name, address, email address, and telephone number;

ii.      an explanation of the basis upon which the objector claims to be a Settlement Class Member;

iii.      whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and the reasons for his or her objection, accompanied by any legal or factual support for the objection;

iv.      the name of counsel for the objector (if any), including any former or current counsel who may seek compensation for any reason related to the objection to the Settlement, the

attorneys' fees application, the reimbursement of costs application, or the application for Service Awards;

        v.     the case name and civil action number of any other objections the objector or his or her counsel have made in other class action cases in the last four (4) years; and

        vi.    whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel.  Counsel for any objector must enter a Notice of Appearance no later than fourteen (14) days before the Final Approval Hearing.

    (e)    A Settlement Class Member may not both opt out of the Settlement and object.  If a Settlement Class Member submits both a request for exclusion and objection, the request for exclusion will control.  A Settlement Class Member who opts out of the Settlement may not object to the fairness of this Settlement Agreement.  A Settlement Class Member who objects to the Settlement may withdraw that objection.  A Settlement Class Member who opts out of the Settlement Agreement may opt back in by making a claim so long as the claim is received prior to the Opt-Out Deadline.  A Settlement Class Member who opts out after making a claim will be treated as a valid opt out so long as the opt out is received prior to the Opt-Out Deadline.

    (f)    Any Settlement Class Member who does not make an objection in the time and manner set forth herein shall be deemed to have waived any objections and be forever foreclosed from making any objection to the fairness or adequacy of the Settlement, including but not limited to the compensation to Settlement Class Members, the award of attorneys' fees and reimbursement of costs, the Service Awards, or the Final Approval Order and Judgment.

    (g)    Only Objections filed in the Court shall be considered as Objections.

    (h)    Any Settlement Class Member who timely and properly objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the Settlement.

## VIII.    FINAL APPROVAL ORDER AND JUDGMENT

(a)    After the Settlement Agreement is approved preliminarily by the Court, Plaintiffs shall move for Final Approval of the Settlement no later than twenty-one (21) days prior to the Final Approval Hearing.  Plaintiffs' motion shall attach a proposed Final Approval Order and Judgment.

(b)    The proposed Final Approval Order and Judgment shall:

a.    approve this Settlement Agreement without modification (except insofar as the Parties have agreed to such modification) as fair, reasonable and adequate to the Settlement Class and direct its consummation according to its terms;

b.    find that the form and manner of notice implemented pursuant to this Settlement Agreement constitutes the best notice practicable under the circumstances; constitutes notice that is reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of the pendency of Plaintiffs' claims, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and meets the requirements of due process, and the applicable rules of civil procedure;

c.    find that all members of the Settlement Class (except those who have properly excluded themselves) shall be bound by this Settlement Agreement, including the release provisions and covenant not to sue;

d.    direct that upon the Effective Date, judgment be entered immediately dismissing the Action with prejudice;

e.    incorporate the release and covenant not to sue set forth in the Settlement Agreement, and forever bar any claims or liabilities related to any Released Claims;

f.    approve payment of the Service Awards and Attorneys' Fees and Costs; and

g.    retain jurisdiction solely of matters relating to the interpretation, administration, implementation, and enforcement of this Settlement Agreement.

## IX.    EFFECTIVE DATE OF SETTLEMENT

(a)    The Effective Date of this Settlement shall be the first day on which all of the following shall have occurred or been waived:

     i.    Payment in full of the Monetary Consideration into the Escrow Account;

     ii.    Final Approval by the Court of the Settlement, following Notice to the Settlement Class and the Final Approval Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

     iii.    A Judgment, which shall be substantially in the form of the Final Approval Order and Judgment, has been entered by the Court and has become Final; and

     iv.    Expiration of the time for Defendant to exercise their termination rights.

(b)    Once all of the events listed in Paragraph IX(a) have occurred, the Parties will jointly file a "Notice of Effective Date" with the Court, identifying the Effective Date.

## X.    RELEASE OF CLAIMS AND COVENANT NOT TO SUE

(a)    As of the Effective Date, Releasing Parties shall be deemed to have fully, finally and forever released and discharged the Released Parties from the Released Claims.

(b)    With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Releasing Parties expressly have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Releasing Parties understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement Agreement, but that they release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. Plaintiffs and Defendant acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

(c)     Plaintiffs and each Settlement Class Member further covenant and agree that they will not sue or bring any action or cause of action, or seek restitution or other forms of monetary relief, including by way of third-party claim, crossclaim, or counterclaim, against any of the Released Parties in respect of any of the Released Claims; they will not initiate or participate in bringing or pursuing any class action against any of the Released Parties in respect of any of the Released Claims; if involuntarily included in any such class action, they will not participate therein; and they will not assist any third party in initiating or pursuing a class action suit in respect of any of the Released Claims.

(d)     The releases set forth in this section may be raised as a complete defense and bar to any action or demand brought in contravention of this Settlement Agreement.

(e)     It is expressly understood and acknowledged by the Parties that the release and covenant not to sue set forth in this section together constitute essential and material terms of the Settlement Agreement to be included in the proposed Final Approval Order and Judgment.

## XI.     RIGHT TO TERMINATE THE SETTLEMENT

(a)     Plaintiffs and Defendant shall each individually have the right to terminate the Settlement and this Settlement Agreement by providing written notice of his, her, or its election to

do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of any of the following occurrences:

   i.   Subject to (d)(ii) of this Section, the Court declines to preliminarily or finally approve, or the Court (or any other court) requires material modifications of the Settlement Agreement, and the Parties do not jointly agree to accept the Settlement Agreement as judicially modified or are unable to jointly agree to modify the Settlement Agreement for resubmission to the Court for approval; or

   ii.   any other grounds for termination provided for elsewhere in this Settlement Agreement occur.

  (b)  Defendant shall have the right to terminate the Settlement and this Settlement Agreement by providing written notice of its election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of any of the following occurrences:

   i.   the Court declines to implement the stay and injunction set forth in Paragraphs V(a)(iv) and VII(b) or any other court reverses or modifies the Court's order implementing the stay or injunction set forth in Paragraphs V(a)(iv) and VII(b); or

   ii.   If the amount of Settlement Class Members that submit a request for exclusion that is determined to be valid and timely exceeds an amount agreed upon between Settlement Class Counsel and Defendant in a confidential side letter executed contemporaneous with this Settlement Agreement.  The parties further agree that the confidential side letter will be shared with the Court in camera, upon request.

  (c)  If either Plaintiffs or Defendant terminate this Settlement Agreement, the Settlement Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, and any orders entered by the Court in connection with this Settlement Agreement shall be vacated.

(d)     If the Settlement is terminated or not approved by the Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason:

i.      The Monetary Consideration (including the accrued interest thereon), less any Notice and Administration Expenses actually incurred or paid, and less any Taxes paid or due or owing, shall be refunded to Defendant in accordance with instructions provided by Defendant to Settlement Class Counsel no later than five (5) business days after the Settlement is terminated, the Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason;

ii.      The Parties agree to work collaboratively to effectuate this Settlement.  If for some reason it is not possible to do so, the Parties will work together in good faith to modify the terms herein as necessary to effectuate the Settlement Agreement.  In the event the Court (or any other court) disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, then the Parties will either jointly agree to accept the Settlement Agreement as judicially modified or engage in negotiations in an effort to jointly agree to modify the Settlement Agreement for resubmission to the Court for approval.  The Parties may agree by stipulation executed by counsel to modifications of the Exhibits to this Settlement Agreement to effectuate the purpose of this Settlement Agreement and/or to conform to guidance from the Court with regard to the contents of such Exhibits without need for further amendment of this Settlement Agreement.  Any such stipulation shall be filed with the Court.

## XII.  <u>USE AND TAX TREATMENT OF THE MONETARY CONSIDERATION</u>

(a)     The Monetary Consideration shall be applied as follows and only as follows:  (i) to pay any attorneys' fees, reimbursement of costs, and Service Awards awarded by the Court; (ii) to pay Notice and Administration Expenses; (iii) to pay any Taxes; (iv) to pay any other costs, fees, or expenses approved by the Court; and (v) to pay the Net Monetary Consideration to eligible Settlement Class Members.

(b)     All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be

disbursed or returned, pursuant to the terms of this Settlement Agreement, or further Order of the Court.

(c)      The Parties agree that the Escrow Account is intended to be maintained as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.   The Settlement Class Administrator shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.   Such election shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the sole responsibility of the Settlement Class Administrator to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur.

i.      For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B promulgated thereunder, the "administrator" shall be the Settlement Class Administrator, who shall be responsible for timely and properly filing, or causing to be filed, all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Those tax returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of those funds as provided in subparagraph (b) of this Paragraph.

ii.      All Taxes shall be paid by the Escrow Agent out of the Settlement Fund.

iii.      Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Net Monetary Consideration without prior order from the Court, and the Escrow Agent and the Settlement Class Administrator shall be obligated (notwithstanding anything herein to the contrary)

34

to withhold from distribution to eligible Settlement Class Members any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(1)(2)).

       iv.     Settlement Class Members shall provide any and all information that the Settlement Class Administrator may reasonably require or that is required by applicable law regarding Taxes and filings and reporting for Taxes, before any distributions are made to Settlement Class Members as contemplated hereby, and the Settlement Class Administrator may, without liability to the Settlement Class Members, delay those distributions unless and until such information is provided in the form required by the Settlement Class Administrator.

## XIII.  MISCELLANEOUS

    (a)    This Settlement Agreement and the exhibits hereto constitute the entire agreement between the Parties to resolve the Action.  Any previous memoranda between the Parties regarding settlement of the Action are superseded by this Settlement Agreement.  No representations, warranties or inducements have been made by any of the Parties regarding settlement of the Action, other than those representations, warranties, and covenants contained in this Settlement Agreement.

    (b)    None of this Settlement Agreement, any document prepared in connection with the Settlement, or any negotiations, statements and proceedings in connection with the Settlement may be cited or used in any way in any proceeding as an admission by any Defendant, Released Party, or Plaintiff, including any admission as to the propriety of class treatment, except that any and all provisions of the Settlement Agreement may be admitted into evidence and otherwise used in a proceeding to enforce any or all terms of the Settlement Agreement, or in defense of any claims released or barred by this Settlement Agreement.

    (c)    No Party or counsel for a Party shall make or cause to be made any disparaging remarks or derogatory statements concerning any other Party or counsel for any other Party.

    (d)    Settlement Class Counsel and Plaintiffs agree to destroy all materials produced by any Defendant in the Action within sixty (60) days of the Effective Date pursuant to the Stipulated Protective Order dated September 19, 2018 (ECF 194).

(e)      This Settlement Agreement shall be governed by the laws of the State of California, except to the extent that federal law requires that federal law govern.

(f)      The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including the Plaintiffs and all Settlement Class Members, for the express and limited purposes of the administration and enforcement of this Settlement Agreement.  As part of its agreement to render services in connection with this Settlement Agreement, the Settlement Class Administrator shall also consent to the jurisdiction of the Court for this purpose.

(g)      This Settlement Agreement was drafted jointly by the Parties and, in construing and interpreting this Settlement Agreement, no provision of this Settlement Agreement shall be construed or interpreted against any Party based upon the contention that this Settlement Agreement or a portion of it was purportedly drafted or prepared by that Party.

(h)      The Parties shall cooperate in good faith in the administration of this Settlement Agreement and agree to use their best efforts to promptly execute all documents, seek and defend Court approval of this Settlement Agreement, and to do all other things reasonably necessary to complete and effectuate the Settlement described in this Settlement Agreement.

(i)      This Settlement Agreement may be hand signed in counterparts, and the separate signature pages executed on behalf of the Parties by their counsel may be combined to create a document binding on all Parties and together shall constitute one and the same instrument. Original signatures are not required.  Any signature submitted by facsimile or as a .pdf file by email shall be deemed an original.

(j)      The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

(k)      Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Settlement Agreement.

(l)      This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant and Plaintiffs, and approved by the Court.

(m)     Each Party acknowledges, agrees, and specifically warrants that he, she, or it has received independent legal advice with respect to the advisability of entering into this Settlement Agreement and the Releases, the legal effects of this Settlement Agreement and the Releases, and fully understands the effect of this Settlement Agreement and the Releases.

(n)     The Parties, and each of them, acknowledge, warrant, represent, and agree that in executing and delivering this Settlement Agreement, through their counsel, they do so freely, knowingly, and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel, that they are fully aware of the contents and effect of this settlement, and that such execution and delivery is not the result of any fraud, duress, mistake, or undue influence whatsoever.

(o)     This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties.

(p)     Except as otherwise provided herein, each Party shall bear its own costs.

(q)     Unless otherwise stated herein, any notice to Settlement Class Counsel or Defendant required or provided for under this Settlement Agreement shall be in writing and sent by electronic mail, fax, hand delivery, or overnight mail postage prepaid to:

If to Settlement Class Counsel:

Daniel C. Girard
Girard Sharp LLP
601 California Street, Suite 1400
San Francisco, CA 94108
dgirard@giardsharp.com

Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
siegel@stuevesiegel.com

If to counsel for Defendant:

Rodger R. Cole
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
rcole@fenwick.com

Jonathan E. Paikin
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC  20006
Telephone: (202) 663-6000
jonathan.paikin@wilmerhale.com

The notice recipients and addresses designated above may be changed by written notice.

[SIGNATURE PAGES TO FOLLOW]

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of November 12, 2020.

By: _____

Daniel C. Girard
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com

Norman E. Siegel
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
siegel@stuevesiegel.com

Co-Lead Interim Class Counsel

By: _____

Michelle M. Clatterbuck
Executive Vice President and Chief Financial
Officer
Intuit Inc.

By: _____

Rodger R. Cole
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
rcole@fenwick.com

Jonathan E. Paikin
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC  20006
Telephone: (202) 663-6000
jonathan.paikin@wilmerhale.com

Attorneys for Intuit Inc. and Intuit Consumer
Group LLC

EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE INTUIT FREE FILE LITIGATION | Case No. 3:19-cv-02546-CRB<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>Date: December 17, 2020<br>Time: 10:00 a.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Charles R. Breyer |

WHEREAS, Plaintiffs Andrew Dohrmann Joseph Brougher, and Monica Chandler ("Plaintiffs") and Defendant Intuit Inc. and Intuit Consumer Group LLC (collectively, "Intuit" or "Defendant") entered into a Settlement Agreement on November 12, 2020, which sets forth the terms and conditions for a proposed settlement of this Litigation and for its dismissal with prejudice upon the terms and conditions set forth therein;

WHEREAS, Plaintiffs have moved the Court for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) finding that the Court will likely be able to certify the Settlement Class after the Final Approval Hearing, (iii) directing notice as set forth herein; and (iv) staying any actions or proceedings by any Settlement Class Member in any court or arbitral tribunal in the United States against Defendant arising out of or related to the matters at issue in the Action, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement, including implementing a stay and/or injunction against the commencement of any additional such actions or proceedings:

WHEREAS, the Settlement appears to be the product of informed, arms' length settlement negotiations conducted over a period of months and mediation sessions including before the mediator Hon. Edward A. Infante (Ret.);

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations, and has found good cause for entering the following Order; and

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

### Settlement Class Certification

1.     The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that the Court will likely be able to certify the following proposed Settlement Class pursuant to Federal Rule of Civil Procedure 23:

1

All persons within the United States who, from January 1, 2015 to November 1, 2020, paid to use TurboTax online in a year in which they were eligible to file for free with the TurboTax Free File Program (known from 2015-2018 as "TurboTax Freedom Edition," known in 2019 as "TurboTax Free File Program," and known in 2020 as "IRS Free File Program Delivered by TurboTax").

2.     The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are likely to be satisfied for the Settlement Class. In support of this conclusion, the Court provisionally finds as follows:

a.     The members of the class are too numerous for their joinder to be practicable. There are approximately 19 million Settlement Class Members.

b.     Questions of law and fact common to the Settlement Class predominate over individualized questions. Whether Intuit's alleged practices associated with the marketing and operation of its TurboTax website during the Settlement Class Period are unfair and deceptive, in violation of California law, constitutes a common question that predominates over individual questions for settlement purposes.

c.     Plaintiffs' claims are typical of the claims of the Settlement Class. Each of the claims arises from alleged violations of consumer protection laws in regard to the same set of practices and course of conduct to which all Settlement Class Members were exposed.

d.     Plaintiffs are adequate class representatives whose interests in this matter are aligned with those of the other Settlement Class Members. Interim Class Counsel—the law firms of Girard Sharp LLP and Stueve Siegel Hanson LLP—have significant expertise in prosecuting consumer class actions, have committed the necessary resources to represent the Settlement Class, and are appointed as Settlement Class Counsel.

e.     A class action is a superior method for the fair and efficient resolution of this matter.

**Preliminary Approval of the Settlement**

4.     The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action,

2

including through discovery and motion practice, and whose settlement negotiations were supervised by Hon. Edward A. Infante (Ret.). The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, arbitration, trial and/or appeal concerning the claims at issue. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued prosecution of the claims, does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Class, and has no obvious deficiencies.

5.      The Court preliminarily approves the Settlement as fair, reasonable, and adequate and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

6.      The Settlement Amount shall be deposited into an escrow account and shall be managed by the Escrow Agent as detailed in the Settlement Agreement. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds may be distributed pursuant to the Settlement Agreement.

**Manner and Form of Notice**

7.      The Court approves the Notice and the Claim Form substantially in the form annexed hereto at **Exhibit 1** (Notice) and **Exhibit 2** (Claim Form). The proposed notice plan, which includes direct notice via email and digital publication notice, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed Settlement (including on the Released Claims), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to Settlement Class Members; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice before dissemination.

8.      The Court appoints JND Legal Administration ("JND") to serve as the Settlement Administrator to supervise and administer the notice procedures, establish and operate a settlement

3

website (the "Website") and a toll-free number, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of the Settlement Administrator that are reasonably necessary or provided for in the Settlement Agreement.

9.      All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement.

10.      Settlement Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or submitted electronically within 135 days after the date of this Order. Late claims may be considered and paid if deemed appropriate by the Settlement Administrator in consultation with Class Counsel, or if ordered by the Court.

11.      As soon as practicable, and no later than 7 days after the date of this Order, the Settlement Administrator shall establish the Website and post the Notice and Claim Form thereon.

12.      The Settlement Administrator shall begin the notice program within 14 days, and substantially complete it within 45 days, after the date of this Order.

13.      The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

**The Final Approval Hearing**

14.      The Court will hold a Final Approval Hearing on _____, 2021 [no earlier than 120 days after the date of this order], at the United States District Court for the Northern District of California, 50 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (i) to finally determine whether the Settlement Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to consider Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards to the representative Plaintiffs; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

15.      Papers in support of Class Counsel's application for attorneys' fees, expenses and costs

4

and for service awards shall be filed at least 21 days prior to the Objection and Opt-Out Deadline, and papers in support of final approval of the Settlement and in response to any objections to the Settlement or to Class Counsel's fee application shall be filed at least 21 days prior to the Final Approval Hearing.

<u>**Objections and Appearances at the Final Approval Hearing**</u>

16.    Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to comment on or oppose Class Counsel's application for attorneys' fees and reimbursement of expenses, or to Class Counsel's application for service awards. No person shall be heard or entitled to contest the approval of the Settlement, or if approved, the judgment to be entered approving the Settlement, Class Counsel's application for an award of attorneys' fees and reimbursement of expenses, or Class Counsel's application for service awards, unless that person filed an objection with the Clerk of the United States District Court for the Northern District of California electronically, in person, or by first-class mail postmarked within 90 days after the date of this Order (the "Objection and Opt-Out Deadline").

17.    Any Settlement Class Member who does not make his, her, or its objection in the time and manner provided for herein shall be deemed to have waived such objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, and to Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards. By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

18.    For an objection to be considered by the Court, the objection must include the following: the objecting Settlement Class Member's full name, address, email address, and telephone number; an explanation of the basis upon which the objector claims to be a Settlement Class Member; whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; the reasons for the objection, accompanied by any legal or factual support; the name of counsel for the objector (if any), including any former or current counsel who may seek compensation for any reason related to the

objection; the case name and civil action number of any other objections that the objector or his or her

counsel have made in other class action cases in the last four years; and whether the objector intends to

appear at the Final Approval Hearing on his or her own behalf or through counsel. Counsel for any

objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

19.     Attendance at the Final Approval Hearing is not necessary, but persons wishing to be

heard orally in connection with approval of the approval of the Settlement and/or the application for an

award of attorneys' fees, reimbursement of expenses, and service awards must indicate in their written

objection their intention to appear at the hearing. Persons who intend to object to the Settlement and/or

the application for attorneys' fees, reimbursement of expenses, and service awards, and who wish to

present evidence at the Final Approval Hearing, must include in their written objection(s) the identity

of any witness(es) they may call to testify and copies of any exhibit(s) they intend to offer at the hearing.

### Exclusions from the Settlement Class

20.     Any requests for exclusion are due by the Objection and Opt-Out Deadline, i.e., within 90

days after the date of this Order. Any person who would otherwise be a member of the Settlement Class

who wishes to be excluded from the Settlement Class must notify the Settlement Administrator in

writing of that intent by submitting a written exclusion request postmarked by the Objection and Opt-

Out Deadline. All persons who submit valid and timely notifications of exclusion in the manner set forth

in this paragraph shall have no rights under the Settlement Agreement, shall not share in the relief

provided by the Settlement, and shall not be bound by the Settlement Agreement or any Orders or final

judgment of the Court.

21.     For an exclusion request to be valid and binding, it must include the following: the

Settlement Class Member's full name, address, telephone number, and email address; the unique

identification number for the Settlement Class Member assigned by the Settlement Administrator; a

statement indicating that he or she is a member of the Settlement Class and wishes to be excluded from

the Settlement; if the Settlement Class Member has filed a lawsuit or arbitration against Intuit, the case

name and case number relating to the Settlement Class Member; and an original or PDF copy of the

Settlement Class Member's handwritten signature. An exclusion request may not be signed by a lawyer

or anyone acting on a Settlement Class Member's behalf. Any exclusion request submitted by a third

party on behalf of a "mass" or "class" of Settlement Class Members will not be valid and binding. Each exclusion request must be submitted by a Settlement Class Member on an individual basis.

22.     Any member of the Settlement Class who does not notify the Settlement Administrator of their intent to be excluded from the Settlement Class in the manner stated herein shall be deemed to have waived his or her right to be excluded from the Settlement Class. If the Court approves the Settlement, any such person shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the release of the Released Claims provided for in the Settlement Agreement and in the Final Order and Judgment.

### Temporary Stay and Injunction

23.     To ensure orderly Settlement approval proceedings in this Court, pursuant to its authority under the All Writs Act, 28 U.S.C. § 1651(a), the Court ENJOINS all proposed Settlement Class Members from commencing, prosecuting, or participating in any way in any other lawsuit or legal action against Defendant based on the facts and circumstances at issue in this case in any court or arbitral tribunal unless and until they have opted out of the Settlement Class, approval of the Settlement Agreement is denied, or the Settlement Agreement is otherwise terminated, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement. This  injunction shall be immediately lifted with respect to a Settlement Class Member who submits an exclusion request whose validity is not challenged by Defendant within five (5) business days of receiving notice from the Settlement Administrator of the exclusion request. In the event of a challenge, this injunction shall remain in place until the Court resolves the challenge and determines the request for exclusion is valid. The injunction shall otherwise dissolve upon entry of the Final Order and Judgment or as ordered by the Court.

### Termination of the Settlement

24.     If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

**Limited Use of This Order**

25.     The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, including the form, content, submission, or actual or potential effect of any Claim Form(s) submitted in connection with the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendant in this Action if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

26.     No Party or counsel to a Party in this Litigation shall have any liability to any Settlement Class Member for any action taken substantially in accordance with the terms of this Order.

**Reservation of Jurisdiction**

27.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

28.     Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, are STAYED.

1      **IT IS SO ORDERED.**

2

3    DATED: _____          _____

4                                            THE HONORABLE CHARLES R. BREYER
                                             UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
CASE NO. 3:19-cv-02546-CRB

EXHIBIT 1

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*A court authorized this notice. This is not a solicitation from a lawyer.*

---

## If You Paid a Fee to TurboTax and Were Eligible to File Your Return Using the TurboTax Product Intuit Provides to the IRS Free File Program, You May Be Able to Get a Payment from a Class Action Settlement

*Para una notificación en español, visite www.turbotaxclasssettlement.com/espanol*

---

- A Settlement has been reached in a class action lawsuit called *In re Intuit Free File Litigation*, No. 3:19-cv-02546-CRB (N.D. Cal.).

- If you paid a fee to use TurboTax online since 2015 and were eligible to file your federal tax return for that year using the product that Intuit provides to the IRS Free File Program (known from 2015-2018 as "TurboTax Freedom Edition," known in 2019 as "TurboTax Free File Program," and known in 2020 as "IRS Free File Program Delivered by TurboTax"), you can get a payment from a class action settlement.

- The lawsuit alleges that Intuit Inc., maker of TurboTax, advertised free tax preparation services and charged fees to U.S. taxpayers who were eligible to file a federal tax return for no charge using the product that Intuit provides to the IRS Free File Program.

- The defendant in the case, Intuit, denies that it has done anything wrong or violated any laws. It has agreed to modify certain of its practices and pay $40 million to put this matter behind it and settle the case. Depending on the number of taxpayers that submit a claim, the attorneys for the plaintiffs estimate you will receive between $15 to $75.

- **If you are receiving this notice and your income is $69,000 or below, you are likely eligible to use the IRS's Free File Program to file your taxes for free in 2021. Please visit the Program's website at https://www.irs.gov/filing/free-file-do-your-federal-taxes-for-free.**

- Visit www.turbotaxclasssettlement.com to file a claim or download a claim form. You can also opt out of or object to the Settlement.

- Please read this notice carefully. Your legal rights will be affected, and you have a choice to make now.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. | [ ] |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to keep your right to sue Intuit for claims related to this case. | [ ] |
| **COMMENT ON OR OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | You can write to the Court about why you like or do not like the Settlement. You can't ask the Court to order a larger settlement. You can also ask to speak to the Court at the hearing on _____, 2021 about | [ ] |

| | the fairness of the Settlement, with or without your own attorney. | |
|---|---|---|
| **DO NOTHING** | Get no payment. Give up rights. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

THE SETTLEMENT BENEFITS                                          3

HOW TO GET A PAYMENT—MAKING A CLAIM                              4

THE LAWYERS REPRESENTING YOU                                     5

EXCLUDING YOURSELF FROM THE SETTLEMENT                           5

OBJECTING TO THE SETTLEMENT                                      6

THE COURT'S FINAL APPROVAL HEARING                               7

IF I DO NOTHING                                                  8

GETTING MORE INFORMATION                                         8

## BASIC INFORMATION

### 1. Why did I get this notice?

A court authorized this notice because certain people who paid a tax preparation fee on the TurboTax website have the right to know about a legal settlement. If you qualify as a class member, you can make a claim and get a payment.

**To find out if you qualify, see the answer to Question 5.**

The people who sued are called the plaintiffs. The company they sued, Intuit Inc., is called the defendant.

### 2. What is this lawsuit about?

Through the IRS's Free File Program, Intuit donates free tax return preparation and filing services to the IRS for eligible taxpayers. Plaintiffs allege that Intuit drew taxpayers to TurboTax "Free Edition" by advertising free online tax preparation but charged some taxpayers a fee even though they were eligible to file for free using the product Intuit provides to the IRS Free File Program. Plaintiffs also allege that Intuit named the software it donates to the IRS Free File Program

"Freedom Edition" and used Google ads and software code to ensure that web searches would bring up the Free Edition website in addition to the Freedom Edition website.

Intuit denies that it engaged in any unfair or deceptive conduct or violated any law and denies that it has any liability to plaintiffs.  More taxpayers file their taxes completely for free using Intuit software than all of its competitors combined.  And at all times, Intuit adhered to the IRS' rules for the Free File program and was clear and fair with its customers.

### 3. What is a class action?

In a class action the plaintiffs act as "class representatives" and sue on behalf of themselves and other people who have similar claims. This group of people is called the "class," and the people in the class are called "class members." One court resolves the issues for all class members, except for people who exclude themselves from the class. Judge Charles R. Breyer of the United States District Court for the Northern District of California is in charge of this case. The case is *In re Intuit Free File Litigation*, No. 3:19-cv-02546-CRB (N.D. Cal.).

### 4. Why is there a Settlement?

The Court did not decide in favor of plaintiffs or defendant. Instead, both sides agreed to a settlement. That way, they avoid the costs, extra time and risks of a trial or arbitration, and class members get benefits or compensation. The class representatives and their attorneys think the settlement is best for the class.

## WHO IS IN THE SETTLEMENT

### 5. Who is in the Settlement?

You are a class member, and are included in the Settlement, if you paid to use TurboTax online in a year in which you were eligible to file for free with the TurboTax Free File Program (known from 2015-2018 as "TurboTax Freedom Edition," known in 2019 as "TurboTax Free File Program," and known in 2020 as "IRS Free File Program Delivered by TurboTax") between January 1, 2015 and November 1, 2020.

### 6. What should I do if I am still not sure whether I am included?

If you are not sure whether you are included in the class, you can ask for free help by calling the Claims Administrator at 1-877-_____ for more information.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

For so long as it participates in the Free File Program, up to a maximum of three years, Intuit will implement and maintain the following business practice commitments:

- When marketing TurboTax Free Edition, Intuit will adhere to the fullest extent practicable to the Federal Trade Commission's guidelines for online marketing in ".com Disclosures: How to Make Effective Disclosures in Digital Advertising."

- Intuit agrees to disclose the existence of the IRS Free File Program and qualifications to file for free under the IRS Free File Program on one or more webpages maintained as part

of, and accessible from the homepage of, the intuit.turbotax.com domain, and provide information on how to participate in the Free File Program, and to maintain a publicly available webpage on the same intuit.turbotax.com domain setting forth the forms and schedules not covered in TurboTax Free Edition.

- Intuit will create a minimum of 3 blog posts each tax filing season (January 15–April 15) on its commercial website informing consumers about the Free File Program and linking to it.

- Until a customer files their taxes or voluntarily unsubscribes from receiving such emails, Intuit will send a minimum of 6 email reminders to returning IRS Free File Program Delivered by TurboTax customers.

- Intuit is prohibited from engaging in any practice that would cause TurboTax's Free File Landing Page (https://freefile.intuit.com) to be "de-indexed" from organic internet search results.

Intuit also will pay $40 million into a Settlement Fund. After deduction of the costs of notice and settlement administration, any award of attorneys' fees (up to 25% of the Settlement Fund), litigation costs, and any service awards for the class representatives, the Settlement Fund will be distributed to class members who submit valid claims. The amount that will be distributed to class members is called the "Net Settlement Fund."

## 8. Who can get money from the Settlement, and how much?

To get money from the Settlement, you must be a class member and file a claim. You can get the claim form at www.turbotaxsettlement.com.

If you submit a valid claim form by the deadline (_____, 2021) and you paid a fee for TurboTax online when you were eligible to file your federal tax return using the product Intuit provides to the IRS Free File Program, you will receive a *pro rata* cash award from the Settlement fund. Your payment will equal the total amount remaining in the Settlement fund after deductions for notice and settlement administration costs, and for any attorneys' fees, cost reimbursements, and service awards approved by the Court, divided by the total number of Settlement Class Members who submit a valid claim form by the deadline.

For information on how to make a claim, go to Question 10 or www.turbotaxsettlement.com.

## 9. What am I giving up if I stay in the class?

Unless you exclude yourself with an opt-out request (*see* Question 16), you cannot sue, bring an arbitration, continue to sue, continue an arbitration, or participate in any other lawsuit against Intuit about the issues in this case, including by seeking other forms of monetary compensation. The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain in the settlement class. The Settlement Agreement can be viewed at www.turbotaxclasssettlement.com.

# HOW TO GET A PAYMENT—MAKING A CLAIM

## 10. How can I get a payment?

If you are a class member (see Question 5), you can file a claim online or download a paper claim form at www.turbotaxclasssettlement.com. You can file a paper claim form by sending it by U.S. mail to the Claims Administrator at _____.

<div style="background:gray">**11. What is the deadline for submitting a claim form?**</div>

To be eligible for payment, claim forms must be submitted electronically or postmarked no later than **_____, 2021**.

<div style="background:gray">**12. When will I get my payment?**</div>

The Court will hold a hearing on **_____, 2021 at 8:30 a.m.**, to decide whether to approve the Settlement. If the Settlement is approved, the Claims Administrator anticipates that payments will be sent out within 3 months.

Updates regarding the Settlement and when payments will be made will be posted on the Settlement website, www.turbotaxclasssettlement.com.

# THE LAWYERS REPRESENTING YOU

<div style="background:gray">**13. Do I have a lawyer in the case?**</div>

Yes. The Court appointed Daniel C. Girard of the law firm Girard Sharp LLP, and Norman E. Siegel of the law firm Stueve Siegel Hanson LLP, to represent you and the other class members. These lawyers are called Class Counsel. You will not be charged for their services.

<div style="background:gray">**14. Should I get my own lawyer?**</div>

You do not need to hire your own lawyer, as Class Counsel is working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in court if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

<div style="background:gray">**15. How will the lawyers be paid?**</div>

You do not have to pay Class Counsel. Class Counsel have not been paid for their work in this case since it began, and will seek an award of attorneys' fees of up to 25% of the Settlement Fund, in addition to reimbursement of reasonable litigation expenses. The fees will compensate Class Counsel for their services in obtaining the Settlement.

Class Counsel will also ask the Court to approve service award payments of $10,000 to each of the individual class representatives. If approved, these awards (like any fee and cost award to Class Counsel) will be paid out of the Settlement Fund.

In addition, the costs of providing this notice and administering the Settlement are being paid out of the Settlement Fund.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from the Settlement and you want to keep your right, if any, to bring a lawsuit or arbitration against the defendant over the matters at issue in this case, then you must

take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the settlement class.

## 16. How do I get out of the Settlement?

You may opt out by _____ **2021**, by advising the Claims Administrator in writing. To opt out, you must provide the information listed below, sign or provide your PDF handwritten signature, and mail the opt-out request to the Claims Administrator at the address below. An opt-out may not be signed by a lawyer or anyone acting on a Settlement Class Member's behalf.

If you want to opt out of the Settlement, your request must contain the following information: (a) your full name; (b) your address, telephone number, and email address; (c) your unique Settlement identification number assigned by the Claims Administrator; (d) a statement that you are a member of the Settlement Class and wish to be excluded from the Settlement; and (e) if you have filed a lawsuit or arbitration against Intuit, the case name and case number of that dispute.

Mail the opt-out request to:

<div align="center">

TurboTax Settlement Claims Administrator
P.O. Box _____
_____

</div>

To be valid, opt-out requests must be postmarked no later than _____, **2021**.

## 17. If I don't opt out, can I sue Intuit for the same thing later?

No. Unless you opt out, you give up the right to sue Intuit in court or in arbitration for the claims the Settlement releases.  If you have a pending lawsuit or arbitration, speak to your lawyer in that case immediately. You must exclude yourself from the class if you want to try to pursue your own lawsuit or arbitration.

## 18. What happens if I opt out?

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class under the Settlement; you will not receive any payment as part of the Settlement; you will not be bound by any further orders or judgments in this case; and you will keep the right, if any, to sue or arbitrate on the claims alleged in the case at your own expense.

# OBJECTING TO THE SETTLEMENT

## 19. How do I tell the Court if I don't like the Settlement?

If you're a class member and do not opt out of the Settlement, you can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may (but are not required to) appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

To object, you must file a document with the Court saying that you object to the proposed Settlement in *In re Intuit Free File Litigation*, No. 3:19-cv-02546-CRB (N.D. Cal.). To be considered by the Court, an objection must include:

- your full name, address, email address, and telephone number;
- an explanation of the basis upon which you claim to be a Settlement Class Member;
- whether the objection applies only to you, to a specific subset of the class, or to the entire class, and the reasons for your objection, accompanied by any legal or factual support for the objection;
- the name of your counsel (if any), including any former or current counsel who may seek compensation for any reason related to your objection;
- the case name and civil action number of any other objections you or your counsel have made in other class action cases in the last 4 years; and
- whether you intend to appear at the Final Approval Hearing on your own behalf or through counsel.

Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

Mail the objection by First Class U.S. Mail, postmarked no later than _____, **2021**, to the following address:

> Clerk of the Court
> U.S. District Court for the
> Northern District of California
> 450 Golden Gate Avenue
> San Francisco, CA 94102
> Case No. 3:19-cv-02546-CRB

If you do not mail the objection, you must either deliver it in person to the address above or file it electronically at https://www.cand.uscourts.gov/cm-ecf, no later than _____, **2021**.

### 20. What's the difference between objecting and excluding?

Objecting is telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you. You cannot both opt out <u>and</u> object to the Settlement.

## THE COURT'S FINAL APPROVAL HEARING

### 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on _____, **2021 at 8:30 a.m.**, in Courtroom 6 of the San Francisco federal courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing.

The Court may also decide how much Class Counsel should receive in fees and expense reimbursements. After the hearing, the Court will decide whether to approve the Settlement.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this notice. The date of the Final Approval Hearing may change without further notice to the class members. Be sure to check the website, www.turbotaxclasssettlement.com, for news of any such changes. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

### 22. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary.

### 23. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include a statement in your written objection (see Question 19) that you intend to appear at the hearing.

You cannot speak at the hearing if you exclude yourself from the class.

## IF I DO NOTHING

### 24. What happens if I do nothing at all?

If you do nothing, you'll be a member of the Settlement Class, you'll get no money from this Settlement, and you won't be able to sue the defendant for the conduct or violations alleged in this case.

## GETTING MORE INFORMATION

### 25. Are more details about the Settlement available?

Yes. This notice summarizes the proposed Settlement—more details are in the Settlement Agreement and other case documents. You can get a copy of these and other documents at www.turbotaxclasssettlement.com, by contacting Class Counsel at turbotaxclasssettlement@girardsharp.com or turbotaxclasssettlement@stuevesiegel.com, by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays, and subject to COVID-19-related closures.

- Robert F. Peckham Federal Building and United States Courthouse, 280 South 1st Street, San Jose, CA 95113
- Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102

- Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612
- United States Courthouse, 3140 Boeing Avenue, McKinleyville, CA 95519

## 26. How do I get more information?

The Settlement website, www.turbotaxclasssettlement.com, has the claim form, answers to questions about the Settlement, and other information to help you determine whether you are eligible for a payment.

You can also call or write to the Claims Administrator at:

<div align="center">

TurboTax Settlement Claims Administrator
P.O. Box _____
[City, State, Zip]

</div>

<div align="center">

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

</div>

Dated: _____, 2020        By Order of the Court

_____
The Honorable Charles R. Breyer
United States District Judge

EXHIBIT 2

*In re Intuit Free File Litigation*
c/o Settlement Administrator
[Street]
[City State Zip]
[email address]

www.turbotaxsettlement.com

**Your claim must be uploaded or postmarked by: [DATE]**

## CLAIM FORM INSTRUCTIONS

**IMPORTANT: PLEASE READ BEFORE COMPLETING THIS CLAIM FORM**

You are a member of the class and eligible for a Settlement payment if, from January 1, 2015 to November 1, 2020, you paid to use TurboTax online in a year in which you were eligible to file for free using the Turbo Tax product that Intuit provides to the IRS Free File Program.

**If you are a member of the class based on this definition, and you expected your federal tax return would be free to file, you may submit this Claim Form.  No supporting documents are necessary.**

The Settlement Administrator will review your submission and determine your payment.

## CLAIM FORM

**SECTION A:  NAME AND CONTACT INFORMATION**

Provide your name and contact information below. If your name or contact information changes after you submit this Claim Form, please notify the Settlement Administrator of the new information.

**FIRST NAME**

**LAST NAME**

**STREET ADDRESS**

**CITY**

**STATE**

**ZIP CODE**

**EMAIL ADDRESS**

---

**SECTION B:  VERIFICATION**

---

By signing below and submitting this Claim Form, I hereby affirm that:

(1)  I am the person identified above, and the information provided in this Claim Form is true and accurate.

(2)  Between January 1, 2015 and November 1, 2020, I paid a fee to TurboTax as part of filing my federal tax
     return when I expected it would be free.

<div style="border:1px solid black; height:50px; width:45%; display:inline-block;"></div>   <div style="border:1px solid black; height:50px; width:30%; display:inline-block;"></div>

**SIGNATURE**                                          **DATE**

<div style="border:1px solid black; height:50px; width:45%;"></div>

**PRINTED NAME**

---

**SECTION C:  PAYMENT ELECTION**

---

Please indicate below whether you would like to be paid in the form of a check mailed to the address provided in
Section A, or if you would like your payment sent electronically by PayPal.  Please choose only one.  If you do
not complete this section, payment will be sent by check via U.S. mail.

☐   I would like my payment sent electronically by PayPal. If the email address associated with your PayPal
     account is different from the email address where you received your class notice, please provide it below:

     <div style="border:1px solid black; height:40px; width:50%;"></div>

☐   I would like to receive a check via U.S. mail. I understand it is my responsibility to inform the Settlement
     Administrator of any changes to my contact information provided in Section A of this Claim Form.

## CLAIM FORM REMINDER CHECKLIST:

1.  Complete sections A, B and C of the Claim Form.

2.  Do not highlight any portion of the Claim Form.

3.  Keep a copy of the completed Claim Form for your records.

4.  If your name or contact information changes after you submit this Claim Form, please notify the Settlement
    Administrator of the new information.

5.  If you have any questions or concerns about your claim, please contact the Settlement Administrator at the

address below, or by emailing [insert email address].


THIS CLAIM FORM MUST BE ELECTRONICALLY SUBMITTED ON THE SETTLEMENT WEBSITE, www.turbotaxsettlement.com, NO LATER THAN _____, **2021,** OR MAILED TO THE SETTLEMENT ADMINISTRATOR BY FIRST-CLASS MAIL POSTMARKED NO LATER THAN _____, **2021** to:

*In re Intuit Free File Litigation*
c/o Settlement Administrator
[Street]
[City State Zip]