**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IN RE INTUIT FREE FILE LITIGATION

Case No. 3:19-cv-02546-CRB

**DECLARATION OF GINA M. INTREPIDO-BOWDEN REGARDING PROPOSED NOTICE PLAN**

Judge: Hon. Charles R. Breyer

I, GINA M. INTREPIDO-BOWDEN declares as follows:

1.     I am a Vice President at JND Legal Administration LLC ("JND").  I am a judicially recognized legal notice expert with more than 20 years of experience designing and implementing class action legal notice programs.  I have been involved in many of the largest and most complex class action notice programs, including all aspects of notice dissemination.  A comprehensive description of my experience is attached as Exhibit A.

2.     I submit this Declaration based on my personal knowledge, as well as upon information provided to me by experienced JND employees and Settlement Class Counsel, to describe the proposed Notice Plan and address why it is consistent with other class notice plans that courts have determined satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and any other applicable statute, law or rule, as well as the Federal Judicial Center ("FJC") guidelines for best practicable due process notice.

## JND's BACKGROUND AND EXPERIENCE

3.     JND is a legal administration services provider with headquarters located in Seattle, Washington. We employ over 175 people in multiple offices throughout the United States. JND's class action division provides all services necessary for the effective implementation of class action settlements, including: (1) all facets of providing legal notice to potential class members, such as outbound mailing, email notification, and the design and implementation of media programs, including through digital and social media platforms; (2) website design and deployment, including on-line claim filing capabilities; (3) call center and other contact support; (4) secure class member data management; (5) paper and electronic claims processing; (6) review of claims submission supporting documentation; (7) calculation design and programming; (8) payment disbursements through check, wire, PayPal, merchandise credits, and other means; (9) qualified settlement fund management and tax reporting; (10) banking services and reporting; and (11) all other functions related to the secure and accurate administration of class action settlements.

1    4.    JND is an approved vendor for the United States Securities and Exchange
2    Commission ("SEC") as well as for the Federal Trade Commission ("FTC") and we have been
3    working with the following other government agencies: the U.S. Equal Employment Opportunity
4    Commission ("EEOC"), the Office of the Comptroller of the Currency ("OCC"), the Consumer
5    Financial Protection Bureau ("CFPB"), the Federal Deposit Insurance Corporation ("FDIC"), the
6    Federal Communications Commission ("FCC"), the Department of Justice ("DOJ") and the
7    Department of Labor ("DOL"). We also have Master Services Agreements with various
8    corporations, banks, and other government agencies, which were only awarded after JND
9    underwent rigorous reviews of our systems, privacy policies, and procedures. JND has also been
10   certified as SOC 2 compliant by noted accounting firm Moss Adams. Finally, JND has been
11   recognized by various publications, including, among others, the *National Law Journal*, the *Legal
12   Times* and the *New York Law Journal*, for excellence in class action administration.

13   5.    The principals of JND collectively have over 75 years of experience in class action
14   legal and administrative fields and have overseen claims processes for some of the largest legal
15   claims administration matters in the country's history and regularly prepare and implement court
16   approved notice and administration campaigns throughout the United States. Their large matters
17   include the $20 billion Gulf Coast Claims Facility, the $10+billion BP Deepwater Horizon
18   Settlement, and the $3.4 billion Cobell Indian Trust Settlement (the largest U.S. government class
19   action settlement ever), among others. Recently, JND has been handling the settlement
20   administration of the $1.3 billion Equifax Data Breach Settlement, the largest class action ever in
21   terms of the number of claims received; a voluntary remediation program in Canada on behalf of
22   over 30 million people; the $1.5 billion Mercedes-Benz Emissions Settlement; the $120 million
23   GM Ignition class action economic settlement, where we sent notice to nearly 30 million class
24   members; and the $215 million USC Student Health Center Settlement on behalf of women who
25   were sexually abused by a doctor at USC, as well as hundreds of other matters. Our notice
26   campaigns are regularly approved by courts throughout the United States.

27
28

DECLARATION OF GINA M. INTREPIDO-BOWDEN
REGARDING PROPOSED NOTICE PLAN
CASE NO. 3:19-cv-02546-CRB

6. As a member of JND's Legal Notice Team, I research, design, develop, and implement a wide array of legal notice programs to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and relevant state court rules. In addition to providing notice directly to potential class members through direct mail and email, our media campaigns have used a variety of media to effectively reach potential class members, including newspapers, press releases, magazines, trade journals, radio, television, social media and the internet depending on the circumstances and allegations of the case, the demographics of the class, and the habits of its members, as reported by various research and analytics tools. During my career, I have submitted affidavits to courts throughout the country attesting to the creation and launch of various media programs.

## SETTLEMENT CLASS OVERVIEW

7. I have been asked by Settlement Class Counsel to prepare a Notice Plan to reach Settlement Class Members and inform them about their rights and options in the proposed Settlement.

8. The Settlement Class consists of all persons within the United States who, from January 1, 2015 to November 1, 2020, paid to use TurboTax online in a year in which they were eligible to file for free with the TurboTax Free File Program (known from 2015-2018 as "TurboTax Freedom Edition; known in 2019 as "TurboTax Free File Program," and known in 2020 as "IRS Free File Program Delivered by TurboTax").

9. It is our understanding that contact information is available for substantially all Settlement Class Members. Accordingly, JND designed a Notice Plan that will effectively reach Settlement Class Members through a direct notice effort that will be further supplemented by a media campaign.

## NOTICE PLAN SUMMARY

10. The proposed Notice Plan has been designed to provide the best notice practicable, consistent with the methods and tools employed in other court-approved notice programs. The

FJC's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* considers a notice plan with a 70%-95% reach effective.[1]

    a. **CAFA Notice**: JND will mail CAFA Notice to appropriate state and federal officials.

    b. **Direct Notice**: It is my understanding that a reasonably current list of email addresses is available for the entire Settlement Class. As a result, email notice will be sent to all Settlement Class Members. It is my further understanding that Settlement Class Members agree, when they use Intuit, to receive by email communications required by law relating to Intuit's services. Finally, a postcard notice will be sent to any Settlement Class Member for whom an email bounces back and for whom a postal address is available.

    c. **Supplemental Media**: In addition to direct notice, the Notice Plan provides for a supplemental digital effort with the leading social media platform (Facebook).

    d. **Settlement Website**: JND will establish and maintain a dedicated Settlement website, www.turbotaxclasssettlement.com, where information about the Settlement, as well as copies of relevant case documentation, including but not limited to the Settlement Agreement, the Preliminary Approval Order, the proposed Final Approval Oder and Judgement, the Long Form Notice and the Claim Form will be accessible to Settlement Class Members. Settlement Class Members will also be encouraged to file claims online through a secure portal on the website. The Settlement website will offer a Spanish language translation option.

    e. **Dedicated Toll-Free Number and Contact Center:** JND will also establish and maintain a toll-free telephone number with an Interactive Voice Recording system

---

[1] Reach is the percentage of a specific population group exposed to a media vehicle or a combination of media vehicles containing a notice at least once over the course of a campaign. Reach factors out duplication, representing total different net persons.

("IVR"), and with Customer Service Representatives available with Spanish-language support, that Settlement Class Members may call to obtain more information about the Settlement and request copies of the notice and claim form.

11.     Based on my experience in developing and implementing class notice programs, I believe the proposed Notice Plan will meet the standards for providing the best practicable notice in class action settlements.

12.     The sections below explain in greater detail the Notice Plan efforts.

## CAFA NOTICE

13.     JND will provide notice of the proposed Settlement under the Class Action Fairness Act (CAFA), 28 U.S.C. §1715(b), no later than 10 days after the proposed Settlement is filed with the Court. JND will provide such notice to the appropriate state and federal government officials. Upon completion of the Notice Program, a detailed report of the mailing will be provided to this Court.

## DIRECT INDIVIDUAL NOTICE

14.     An adequate notice plan needs to satisfy "due process" when reaching a class. The United States Supreme Court, in *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156 (1974), stated that direct notice (when possible) is the preferred method for reaching a class. In addition, Rule 23(c)(2) of the Federal Rules of Civil Procedure provides that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."

15.     For this Settlement, JND staff will effectuate direct individual notice to all members of the Settlement Class for whom the Defendant provides contact information.

16.     Counsel has represented that Intuit has reasonably current email addresses for substantially all Settlement Class Members. As such, our plan is to provide all Settlement Class Members with notice via email.

17.     Courts have approved notice programs in which email is a primary method of delivering notice to class members.

18.     For Settlement Class Members for whom an email bounces back undeliverable, JND proposes sending a postcard notice.

19.     Both the email notice and the postcard notice will direct Settlement Class Members to an interactive Settlement website where they can review the Settlement Agreement, and other key documents in the case, and initiate the claims process (a hard copy claim form may also be requested).

20.     Both the email and postcard notice will include a Spanish-language tag that will direct Spanish-speaking Settlement Class Members to the Settlement website, which will be available in Spanish.

21.     JND uses industry-leading email solutions to achieve the most efficient email notification campaigns.  Our Data Team is staffed with email experts and software solution teams to conform the email notice program to the particulars of the Settlement.   JND provides individualized support during the program and manages our sender reputation with the Internet Service Providers ("ISPs").  For each of our programs, we analyze the program's data and monitor the ongoing effectiveness of the notification campaign, adjusting the campaign as needed.  These actions ensure the highest possible deliverability of the email campaign so that more potential Settlement Class Members receive notice of the proposed Settlement.

22.     JND will work with Settlement Class Counsel to craft an email notice that will avoid spam language to improve deliverability.  This process includes running the email through spam testing software, DKIM for sender identification and authorization, and hostname evaluation. Additionally, we will check the send domain against the 25 most common IPv4 blacklists.

23.     As is JND's standard email notification process, JND will utilize a verification program to eliminate invalid email and spam traps that would otherwise negatively impact deliverability.  We will then clean the list of email addresses for formatting and incomplete

addresses to further identify all invalid email addresses. The email content will be formatted and structured in a way that receiving servers expect, allowing the email to pass easily to the recipient.

24. Rather than using attachments, which can send an email right to spam, the email notice will provide a call-to-action button (i.e., "File a Claim"), as well as direct links to the Settlement website for more detailed information. In addition, the use of all capitalization, exclamation points, colored font, case-caption boxes, excessive legalese, and common trigger words will be avoided to reduce spam. The email subject line will identify the Defendant, with whom the email recipient is very familiar, and the nature of the content. It will provide a simple and short identifier. The Settlement Class Member's name will be included as the email opener to authenticate and personalize the email.

25. To ensure readability of the email notice, our team will review and format the body content into a structure that is applicable to all email platforms. Before commencing the email notice campaign, we will send a test email to multiple ISPs and open the email on multiple devices (iPhones, Android phones, desktop computers, tablets, etc.) to ensure the email opens as expected. Additionally, JND will include an "unsubscribe" link at the bottom of the email notice to allow Settlement Class Members to opt out of any additional email notices from JND. This step is essential to maintain JND's good reputation among the ISPs and reduce complaints relating to the email campaign. JND will also work with Settlement Class Counsel to identify email phishing campaigns and fraudulent websites and will notify Counsel of fraud schemes as soon as discovered.

26. Emails that are returned to JND are generally characterized as either "Soft Bounces" or "Hard Bounces." Hard Bounces are when the ISP rejects the email due to a permanent reason such as the email account in no longer active. Soft Bounces are when the email is rejected for temporary reasons, such as the recipient's email address inbox is full.

27. When an email is returned due to a soft bounce, JND attempts to re-email the email notice up to three additional times in an attempt to secure deliverability. The email is considered

undeliverable if it is a Hard Bounce or a Soft Bounce that is returned after a third resend. For those email notices that are deemed ultimately undeliverable, we will follow up with a postcard mailing, as discussed below, to the extent that a postal address is available.

28. JND will send a postcard notice to those Settlement Class Members for whom the email notice was deemed ultimately undeliverable and for whom a postal address is available.

29. Prior to sending the Postcard Notice, JND staff will run the mailing addresses through the United States Postal Service ("USPS") National Change of Address ("NCOA") database.[2] JND staff will also track all postcard notices returned undeliverable by the USPS and will promptly re-mail postcard notices that are returned with a forwarding address. Also, JND staff will take reasonable efforts to research and determine if it is possible to reach a Settlement Class Member for whom the postcard notice is returned without a forwarding address by mailing to a more recent mailing address at which the potential Settlement Class Member may be reached.

## SUPPLEMENTAL MEDIA CAMPAIGN

30. In addition to the extensive direct notice effort, a supplemental media campaign has been designed to extend reach further.

31. The supplemental media campaign utilizes Facebook, the top social media network. The Facebook effort will target adults eighteen years of age or older, as well as Facebook accounts with interest in Turbo Tax. Approximately 15 million impressions[3] will be served over a four-week period across all types of devices – desktops, laptops, tablets and mobile.

## SETTLEMENT WEBSITE

32. JND will establish an informational, interactive Settlement website, www.turbotaxclasssettlement.com where potential Settlement Class Members may obtain

---

[2] The NCOA database is the official USPS technology product which makes change of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mail stream. This product is an effective tool to update address changes when a person has completed a change of address form with the USPS. The address information is maintained on the database for 48 months.

[3] Impressions or Exposures are the total number of opportunities to be exposed to a media vehicle or combination of media vehicles containing a notice. Impressions are a gross or cumulative number that may include the same person more than once. As a result, impressions can and often do exceed the population size.

information about their rights and options under the Settlement and submit claims. The website will have an easy-to-navigate design and will be formatted to emphasize important information and deadlines. The Settlement website will contain, among other things, information about the Settlement, a Frequently Asked Questions section, a list of Important Dates and Important Documents, the ability to download a Long Form Notice and Claim Form, the ability to submit claims electronically through a secure claims filing portal, and information about how Settlement Class Members can access the toll-free telephone number. The Settlement website will also offer a Spanish-language translation option.

33. The Settlement website will be mobile-enabled and ADA compliant, and will undergo significant penetration testing to make sure that the site cannot be breached as well as load testing to make sure that the site will be able to accommodate the expected traffic. It will also be designed to maximize search engine optimization through Google and other search engines. Keywords and natural language search terms will be included in the site's metadata to maximize search engine rankings.

## DEDICATED TOLL-FREE NUMBER AND CONTACT CENTER

34. JND will also establish and maintain a dedicated toll-free telephone number with an automated IVR, available 24 hours a day, seven days a week, that will provide Settlement-related information to Settlement Class Members, as well as the ability to request and receive the notices and the Settlement claim form by mail.

35. Settlement Class Members will also have the option to speak with Customer Service Representatives five days a week during business hours, who will provide Settlement-related information and can fulfill requests for notice. Spanish-language telephone support will also be provided.

## DEDICATED POST OFFICE BOX

36. JND will establish a United States Post Office Box for Settlement Class Members to submit letters, inquiries, opt-out requests, and claim forms.

## **REACH**

37.     The proposed direct notice effort alone is designed to reach the entire Settlement Class. The supplemental media effort will extend reach further. The proposed notice effort is similar to that of other court approved programs and meets the high reach standard set forth by the FJC.

## **NOTICE ND ADMINISTRATION COST**

38.     Based on the program as outlined in this declaration, on information provided to us by the parties, including certain assumptions about data and volumes, and on our understanding of the settlement administration parameters, we estimate total notice and administration charges here of $1.75 million.

## **CONCLUSION**

39.     In my opinion, the Notice Program as described herein will provide the best notice practicable  and is consistent with other similar court-approved best notice practicable programs, Rule 23 of the Federal Rules of Civil Procedure, and the FJC's guidelines for Best Practicable Due Process notice. It meets due process and Rule 23 requirements to apprise Settlement Class Members of the Settlement, and their opportunity to be heard and to opt out. The Notice Program is designed to reach as many Settlement Class Members as practicable and provide them with the opportunity to review a notice with the ability to easily take the next step and learn more about the Settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2020, in Philadelphia, PA

GINA M. INTREPIDO-BOWDEN

DECLARATION OF GINA M. INTREPIDO-BOWDEN
REGARDING PROPOSED NOTICE PLAN
CASE NO. 3:19-cv-02546-CRB



- EXHIBIT A -

# GINA
# INTREPIDO-BOWDEN

SENIOR DIRECTOR





## INTRODUCTION

Gina Intrepido-Bowden is Senior Director of JND Legal Administration ("JND"). She is a court recognized legal notice expert who has been involved in the design and implementation of hundreds of legal notice programs reaching class members/claimants throughout the U.S., Canada, and the world, with notice in over 35 languages. Some notable cases in which Gina has been involved include:

- *Chambers v. Whirlpool Corp.*, a national product defect settlement involving dishwashers

- *Flaum v Doctor's Associates, Inc.*, a $30 million FACTA settlement

- *In re Home Depot, Inc., Customer Data Sec. Breach Litig.*, a security breach impacting over 40 million consumers who made credit/debit card purchases in a Home Depot store

- *In re Monitronics Int'l, Inc.*, a $28 million TCPA settlement

- *In re Residential Schools Litig.*, a complex Canadian class action incorporating a groundbreaking notice program to remote aboriginal persons qualified to receive benefits in the multi-billion-dollar settlement

- *In re Royal Ahold Sec. and "ERISA"*, a $1.1 billion securities settlement involving a comprehensive international notice effort

- *In re Skelaxin (Metaxalone) Antitrust Litig.*, a prescription antitrust involving notice to both third party payor and consumer purchasers
- *In re TJX Co., Inc. Customer Data Sec. Breach Settlement*, a large U.S. and Canadian retail consumer security breach settlement
- *In re Trans Union Corp. Privacy Litig.*, a $75 million data breach settlement involving persons with a credit history
- *Poertner v. Gillette Co.*, a nationwide false advertising settlement involving Duracell Ultra Advance Batteries
- *Thompson v Metropolitan Life Ins. Co.*, a large race-based pricing case involving 25 million policyholders
- *USC Student Health Ctr. Settlement*, a $215 million settlement providing compensation to women who were sexually assaulted, harassed and otherwise abused by Dr. George M. Tyndall
- *Williams v. Weyerhaeuser Co.*, a consumer fraud litigation involving exterior hardboard siding on homes and other structures

With more than 25 years of advertising research, planning and buying experience, Gina began her career working for one of New York's largest advertising agency media departments (BBDO), where she designed multi-million-dollar media campaigns for clients such as Gillette, GE, Dupont, and HBO. Since 2000, she has applied her media skills to the legal notification industry, working for several large legal notification firms. Gina is an accomplished author and speaker on class notice issues including effective reach, notice dissemination as well as noticing trends and innovations. She earned a Bachelor of Arts in Advertising from Penn State University, graduating *summa cum laude*.

# II. JUDICIAL RECOGNITION

Courts have favorably recognized Ms. Intrepido-Bowden's work as outlined by the sampling of Judicial comments below:

## 1. Judge Cormac J. Carney

***In re ConAgra Foods Inc.,*** (October 8, 2019)
No. 11-cv-05379-CJC-AGR (C.D. Cal.):

*Following the Court's preliminary approval, JND used a multi-pronged notice campaign to reach people who purchased Wesson Oils...As of September 19, 2019, only one class member requested to opt out of the settlement class, with another class member objecting to the settlement. The reaction of the class has thus been overwhelmingly positive, and this factor favors final approval.*

## 2. Honorable Stephen V. Wilson

***USC Student Health Ctr. Settlement,*** (June 12, 2019)
No. 18-cv-04258-SVW (C.D. Cal.):

*The Court hereby designates JND Legal Administration ("JND") as Claims Administrator. The Court finds that giving Class Members notice of the Settlement is justified under Rule 23(e)(1) because, as described above, the Court will likely be able to: approve the Settlement under Rule 23(e)(2); and certify the Settlement Class for purposes of judgment. The Court finds that the proposed Notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and provides the best notice practicable under the circumstances.*

## 3. Judge J. Walton McLeod

***Boskie v. Backgroundchecks.com,*** (May 17, 2019)
No. 2019CP3200824 (S.C. C.P.):

*The Court appoints JND Legal Administration as Settlement Administrator...The Court approves the notice plans for the HomeAdvisor Class and the Injunctive Relief Class*

*as set forth in the declaration of JND Legal Administration. The Court finds the class notice fully satisfies the requirements of due process, the South Carolina Rules of Civil Procedure. The notice plan for the HomeAdvisor Class and Injunctive Relief Class constitutes the best notice practicable under the circumstances of each Class.*

## 4. Judge Cormac J. Carney

***In re ConAgra Foods Inc.,*** (April 4, 2019)
No. 11-cv-05379-CJC-AGR (C.D. Cal.):

*The bids were submitted to Judge McCormick, who ultimately chose JND Legal Administration to propose to the Court to serve as the settlement administrator. (Id. ¶ 65.) In addition to being selected by a neutral third party, JND Legal Administration appears to be well qualified to administer the claims in this case…The Court appoints JND Legal Administration as Settlement Administrator… JND Legal Administration will reach class members through a consumer media campaign, including a national print effort in People magazine, a digital effort targeting consumers in the relevant states through Google Display Network and Facebook, newspaper notice placements in the Los Angeles Daily News, and an internet search effort on Google. (Keough Decl. ¶ 14.) JND Legal Administration will also distribute press releases to media outlets nationwide and establish a settlement website and toll-free phone number. (Id.) The print and digital media effort is designed to reach 70% of the potential class members. (Id.) The newspaper notice placements, internet search effort, and press release distribution are intended to enhance the notice's reach beyond the estimated 70%. (Id.).*

## 5. Judge Fernando M. Olguin

***Ahmed v. HSBC Bank USA, NA,*** (December 30, 2019)
No. 15-cv-2057-FMO-SPx (N.D. Ill.):

*On June 21, 2019, the court granted preliminary approval of the settlement, appointed JND Legal Administration ("JND") as settlement administrator… the court finds that the class notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, the class members' right to exclude themselves from the action, and their right to object to the proposed settlement…the reaction of the class has been very positive.*

### 6.   Judge Kathleen M. Daily

***Podawiltz v. Swisher Int'l, Inc.,*** (February 7, 2019)
No. 16CV27621 (Or. Cir. Ct.):

*The Court appoints JND Legal Administration as settlement administrator...The Court finds that the notice plan is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, ORCP 32, and any other applicable laws.*

### 7.   Honorable Thomas M. Durkin

***In re Broiler Chicken Antitrust Litig.,*** (November 16, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable efforts, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

### 8.   Honorable Kenneth J. Medel

***Huntzinger v. Suunto Oy,*** (August 10, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the notice to the Class Members regarding settlement of this Action, including the content of the notices and method of dissemination to the Class Members in accordance with the terms of Settlement Agreement, constitute the best notice practicable under the circumstances and constitute valid, due and sufficient notice to all Class Members, complying fully with the requirements of California Code of Civil Procedure § 382, California Civil Code § 1781, California Rules of Court Rules 3.766 and 3.769(f), the California and United States Constitutions, and any other applicable law.*

### 9.  Honorable Thomas M. Durkin

***In re Broiler Chicken Antitrust Litig.,*** (June 22, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice vial mail and email to all members who can be identified through reasonable effort.  The direct mail and email notice will be supported by reasonable publication notice to reach class members who could not be individually identified.*

### 10.  Judge John Bailey

***In re Monitronics Int'l, Inc. TCPA Litig.,*** (September 28, 2017)

No. 5:11-cv-00090 (N.D. W.Va.):

*The Court carefully considered the Notice Plan set forth in the Settlement Agreement and plaintiffs' motion for preliminary approval. The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23, the requirements of due process and any other applicable law, such that the terms of the Settlement Agreement, the releases provided therein, and this Court's final judgment will be binding on all Settlement Class Members.*

### 11.  Honorable Ann I. Jones

***Eck v. City of Los Angeles,*** (September 15, 2017)
No. BC577028 (Sup. Ct. Cal.):

*The form, manner, and content of the Class Notice, attached to the Settlement Agreement as Exhibits B, E, F and G, will provide the best notice practicable to the Class under the circumstances, constitutes valid, due, and sufficient notice to all Class Members, and fully complies with California Code of Civil Procedure section 382, California Code of Civil Procedure section 1781, the Constitution of the State of California, the Constitution of the United States, and other applicable law.*

## 12. Honorable James Ashford

***Nishimura v. Gentry Homes, LTD.,*** (September 14, 2017)
No. 11-11-1-1522-07-RAN (Haw. Cir. Ct.):

*The Court finds that the Notice Plan and Class Notices will fully and accurately inform the potential Class Members of all material elements of the proposed Settlement and of each Class Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the Class Notice and the publication of the Class Notices substantially in the manner and form set forth in the Notice Plan and Settlement Agreement meets the requirements of the laws of the State of Hawai'i (including Hawai'i Rule of Civil Procedure 23), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all potential Class Members.*

## 13. Judge Cecilia M. Altonaga

***Flaum v. Doctor's Assoc., Inc.,*** (March 22, 2017)
No. 16-cv-61198 (S.D. Fla.):

*...the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice, Full Notice for the Settlement Website, Publication Notice, Press Release and Settlement Claim Forms, and orders that notice be given in substantial conformity therewith.*

## 14. Judge Manish S. Shah

***Johnson v. Yahoo! Inc.,*** (December 12, 2016)
No. 1:14-cv-02028 (N.D. Ill.):

*The Court approves the notice plan set forth in Plaintiff's Amended Motion to Approve Class Notice (Doc. 252) (the "Notice Plan"). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.*

## 15. Judge Joan A. Leonard

***Barba v. Shire U.S., Inc.,*** (December 2, 2016)
No. 1:13-cv-21158 (S.D. Fla.):

*The notice of settlement (in the form presented to this Court as Exhibits E, F, and G, attached to the Settlement Agreement [D.E. 423-1] (collectively, "the Notice") directed to the Settlement Class members, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice was given to potential Settlement Class members who were identified through reasonable efforts, published using several publication dates in Better Homes and Gardens, National Geographic, and People magazines; placed on targeted website and portal banner advertisements on general Run of Network sites; included in e-newsletter placements with ADDitude, a magazine dedicated to helping children and adults with attention deficit disorder and learning disabilities lead successful lives, and posted on the Settlement Website which included additional access to Settlement information and a toll-free number. Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, the Court hereby finds that the Notice provided Settlement Class members with due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Settlement Class members to make a claim, object to the Settlement or exclude themselves from the Settlement.*

## 16. Judge Marco A. Hernandez

***Kearney v. Equilon Enter. LLC,*** (October 25, 2016)
No. 3:14-cv-00254 (Ore. Dist. Ct.):

*The papers supporting the Final Approval Motion, including, but not limited to, the Declaration of Robert A. Curtis and the two Declarations filed by Gina Intrepido-Bowden, describe the Parties' provision of Notice of the Settlement. Notice was directed to all members of the Settlement Classes defined in paragraph 2, above. No objections to the method or contents of the Notice have been received. Based on the above-mentioned declarations, inter alia, the Court finds that the Parties have fully and adequately effectuated the Notice Plan, as required by the Preliminary Approval Order, and, in fact, have achieved better results than anticipated or required by the Preliminary Approval Order.*

## 17. Honorable Amy J. St. Eve

***In re Rust-Oleum Restore Mktg, Sales Practices & Products Liab. Litig.,***
(October 20, 2016)
No. 1:15-cv-01364 (N.D. Ill.):

*The Notices of Class Action and Proposed Settlement (Exhibits A and B to the Settlement Agreement) and the method of providing such Notices to the proposed Settlement Class... comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Action.*

## 18. Honorable R. Gary Klausner

***Russell v. Kohl's Dep't Stores, Inc.,*** (October 20, 2016)
No. 5:15-cv-01143 (C.D. Cal.):

*Notice of the settlement was provided to the Settlement Class in a reasonable manner, and was the best notice practicable under the circumstances, including through individual notice to all members who could be reasonably identified through reasonable effort.*

## 19. Judge Fernando M. Olguin

***Chambers v. Whirlpool Corp.,*** (October 11, 2016)
No. 8:11-cv-01733 (C.D. Cal.):

*Accordingly, based on its prior findings and the record before it, the court finds that the Class Notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, their right to exclude themselves from the action, and their right to object to the proposed settlement.*

## 20. Honourable Justice Stack

***Anderson v. Canada,*** (September 28, 2016)
No. 2007 01T4955CP (NL Sup. Ct.):

*The Phase 2 Notice Plan satisfies the requirements of the Class Actions Act and shall constitute good and sufficient service upon class members of the notice of this Order, approval of the Settlement and discontinuance of these actions.*

## 21. Judge Mary M. Rowland

***In re Home Depot, Inc., Customer Data Sec. Breach Litig.,*** (August 23, 2016)
No. 1:14-md-02583 (N.D. Ga.):

*The Court finds that the Notice Program has been implemented by the Settlement Administrator and the parties in accordance with the requirements of the Settlement Agreement, and that such Notice Program, including the utilized forms of Notice, constitutes the best notice practicable under the circumstances and satisfies due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure.*

## 22. Honorable Manish S. Shah

***Campos v. Calumet Transload R.R., LLC,*** (August 3, 2016)
No. 1:13-cv-08376 (N.D. Ill.):

*The form, content, and method of dissemination of the notice given to the Settlement Class were adequate, reasonable, and constitute the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth therein, and these proceedings to all Persons entitled to such notice. The notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and due process.*

### 23. Honorable Lynn Adelman

***Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd., (Indirect Purchaser),***
(July 7, 2016) No. 2:09-cv-00852 (E.D. Wis.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

### 24. Judge Marco A. Hernandez

***Kearney v. Equilon Enter. LLC,*** (June 6, 2016)
No. 3:14-cv-00254 (Ore. Dist. Ct.):

*The Court finds that the Parties' plan for providing Notice to the Settlement Classes as described in paragraphs 35-42 of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina Intrepido-Bowden: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Court further finds that the Parties' plan for providing Notice to the Settlement Classes, as described in paragraphs 35-42 of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina Intrepido-Bowden, will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as not to be bound by the Settlement Agreement.*

## 25. Judge Joan A. Leonard

***Barba v. Shire U.S., Inc.,*** (April 11, 2016)
No. 1:13-cv-21158 (S.D. Fla.):

*The Court finds that the proposed methods for giving notice of the Settlement to members of the Settlement Class, as set forth in this Order and in the Settlement Agreement, meet the requirements of Federal Rule of Civil Procedure Rule 23 and requirements of state and federal due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.*

## 26. Honorable Manish S. Shah

***Campos v. Calumet Transload R.R., LLC,*** (March 10, 2016 and April 18, 2016)
No. 1:13-cv-08376 (N.D. Ill.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.*

## 27. Judge Mary M. Rowland

***In re Home Depot, Inc., Customer Data Sec. Breach Litig.,*** (March 8, 2016)
No. 1:14-md-02583 (N.D. Ga.):

*The Court finds that the form, content and method of giving notice to the Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due*

*Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.*

## 28. Judge Mary M. Rowland

**In re Sears, Roebuck and Co. Front-Loader Washer Prod. Liab. Litig.,**
(February 29, 2016)
No. 1:06-cv-07023 (N.D. Ill.):

*The Court concludes that, under the circumstances of this case, the Settlement Administrator's notice program was the "best notice that is practicable," Fed. R. Civ. P. 23(c)(2)(B), and was "reasonably calculated to reach interested parties," Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 318 (1950).*

## 29. Honorable Lynn Adelman

**Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Ins. Co., (Indirect Purchaser–Tong Yang & Gordon Settlements),** (January 14, 2016)
No. 2:09-CV-00852 (E.D. Wis.):

*The form, content, and methods of dissemination of Notice of the Settlements to the Settlement Class were reasonable, adequate, and constitute the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth in the Settlements, and these proceedings to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.*

## 30. Judge Curtis L. Collier

**In re Skelaxin (Metaxalone) Antitrust Litig.,** (December 22, 2015)
No. 1:12-md-2343 (E.D. Tenn.):

*The Class Notice met statutory requirements of notice under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement process.*

### 31.  Honorable Mitchell D. Dembin

***Lerma v. Schiff Nutrition Int'l, Inc.,*** (November 3, 2015)
No. 3:11-CV-01056 (S.D. Cal.):

*According to Ms. Intrepido-Bowden, between June 29, 2015, and August 2, 2015, consumer publications are estimated to have reached 53.9% of likely Class Members and internet publications are estimated to have reached 58.9% of likely Class Members...The Court finds this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the action, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.*

### 32.  Honorable Lynn Adelman

***Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Ins. Co., (Indirect Purchaser–Gordon Settlement),*** (August 4, 2015)
No. 2:09-CV-00852 (E.D. Wis.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

### 33.  Honorable Sara I. Ellis

***Thomas v. Lennox Indus. Inc.,*** (July 9, 2015)
No. 1:13-CV-07747 (N.D. Ill.):

*The Court approves the form and content of the Long-Form Notice, Summary Notice, Postcard Notice, Dealer Notice, and Internet Banners (the "Notices") attached as Exhibits*

*A-1, A-2, A-3, A-4 and A-5 respectively to the Settlement Agreement. The Court finds that the Notice Plan, included in the Settlement Agreement and the Declaration of Gina M. Intrepido-Bowden on Settlement Notice Plan and Notice Documents, constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto, and that the Notice Plan complies fully with the requirements of Federal Rule of Civil Procedure 23 and provides Settlement Class Members due process under the United States Constitution.*

## 34. Honorable Lynn Adelman

***Fond du Lac Bumper Exch., Inc. v. Jui Li Enter.Co., Ltd. (Indirect Purchaser–Tong Yang Settlement),*** (May 29, 2015)
No. 2:09-CV-00852 (E.D. Wis.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

## 35. Honorable Mitchell D. Dembin

***Lerma v. Schiff Nutrition Int'l, Inc.,*** (May 25, 2015)
No. 11-CV-01056 (S.D. Cal.):

*The parties are to notify the Settlement Class in accordance with the Notice Program outlined in the Second Supplemental Declaration of Gina M. Intrepido-Bowden on Settlement Notice Program.*

## 36. Honorable Lynn Adelman

***Fond du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd. (Direct Purchaser–Gordon Settlement),*** (May 5, 2015)
No. 2:09-CV-00852 (E.D. Wis.):

*The Notice Program set forth herein is substantially similar to the one set forth in the Court's April 24, 2015 Order regarding notice of the Tong Yang Settlement (ECF. No. 619) and combines the Notice for the Tong Yang Settlement with that of the Gordon Settlement into a comprehensive Notice Program. To the extent differences exist between the two, the Notice Program set forth and approved herein shall prevail over that found in the April 24, 2015 Order.*

## 37. Honorable José L. Linares

***Demmick v. Cellco P'ship,*** (May 1, 2015)
No. 2:06-CV-2163 (N.J. Dist. Ct.):

*The Notice Plan, which this Court has already approved, was timely and properly executed and that it provided the best notice practicable, as required by Federal Rule of Civil Procedure 23, and met the "desire to actually inform" due process communications standard of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) The Court thus affirms its finding and conclusion in the November 19, 2014 Preliminary Approval Order that the notice in this case meets the requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States and/or any other applicable law. All objections submitted which make mention of notice have been considered and, in light of the above, overruled.*

## 38. Honorable David O. Carter

***Cobb v. BSH Home Appliances Corp.,*** (December 29, 2014)
No. 8:10-CV-0711 (C.D. Cal.):

*The Notice Program complies with Rule 23(c)(2)(B) because it constitutes the best notice practicable under the circumstances, provides individual notice to all Class Members who can be identified through reasonable effort, and is reasonably calculated under the circumstances to apprise the Class Members of the nature of the action, the claims*

*it asserts, the Class definition, the Settlement terms, the right to appear through an attorney, the right to opt out of the Class or to comment on or object to the Settlement (and how to do so), and the binding effect of a final judgment upon Class Members who do not opt out.*

### 39.  Honorable José L. Linares

**Demmick v. Cellco P'ship,** (November 19, 2014)
No. 2:06-CV-2163 (N.J. Dist. Ct.):

*The Court finds that the Parties' plan for providing Notice to the Settlement Classes as described in Article V of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina M. Intrepido-Bowden: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.*

*The Court further finds that the Parties' plan for providing Notice to the Settlement Classes as described in Article V of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina M. Intrepido-Bowden, will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as to not be bound by the Settlement Agreement.*

### 40.  Honorable Christina A. Snyder

**Roberts v. Electrolux Home Products, Inc.,** (September 11, 2014)
No. 8:12-CV-01644 (C.D. Cal.):

*Accordingly, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and California laws and due process. The Court finally approves the Notice Plan in all respects…Any objections to the notice provided to the Class are hereby overruled.*

## 41. Judge Gregory A. Presnell

***Poertner v. Gillette Co.,*** (August 21, 2014)
No. 6:12-CV-00803 (M.D. Fla.):

*This Court has again reviewed the Notice and the accompanying documents and finds that the "best practicable" notice was given to the Class and that the Notice was "reasonably calculated" to (a) describe the Action and the Plaintiff's and Class Members' rights in it; and (b) apprise interested parties of the pendency of the Action and of their right to have their objections to the Settlement heard. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 810 (1985). This Court further finds that Class Members were given a reasonable opportunity to opt out of the Action and that they were adequately represented by Plaintiff Joshua D. Poertner. See Id. The Court thus reaffirms its findings that the Notice given to the Class satisfies the requirements of due process and holds that it has personal jurisdiction over all Class Members.*

## 42. Honorable Christina A. Snyder

***Roberts v. Electrolux Home Products, Inc.,*** (May 5, 2014)
No. 8:12-CV-01644 (C.D. Cal.):

*The Court finds that the Notice Plan set forth in the Settlement Agreement (§ V. of that Agreement) is the best notice practicable under the circumstances and constitutes sufficient notice to all persons entitled to notice. The Court further preliminarily finds that the Notice itself IS appropriate, and complies with Rules 23(b)(3), 23(c)(2)(B), and 23(e) because it describes in plain language (1) the nature of the action, (2) the definition of the Settlement Class and Subclasses, (3) the class claims, issues or defenses, (4) that a class member may enter an appearance through an attorney if the member so desires, (5) that the Court will exclude from the class any member who requests exclusion, (6) the time and manner for requesting exclusion, and (7) the binding effect of a judgment on Settlement Class Members under Rule 23(c)(3) and the terms of the releases. Accordingly, the Court approves the Notice Plan in all respects...*

### 43. Honorable William E. Smith

***Cappalli v. BJ's Wholesale Club, Inc.,*** (December 12, 2013)
No. 1:10-CV-00407 (D.R.I.):

*The Court finds that the form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of these proceedings of the proposed Settlement, and of the terms set forth in the Stipulation and first Joint Addendum, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Constitutional due process, and all other applicable laws.*

### 44. Judge Gregory A. Presnell

***Poertner v. Gillette Co.,*** (November 5, 2013)
No. 6:12-CV-00803 (M.D. Fla.):

*The Court finds that compliance with the Notice Plan is the best practicable notice under the circumstances and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Rule 23, applicable law, and due process.*

### 45. Judge Marilyn L. Huff

***Beck-Ellman v. Kaz USA, Inc.,*** (June 11, 2013)
No. 3:10-cv-02134 (S.D. Cal.):

*The Notice Plan has now been implemented in accordance with the Court's Preliminary Approval Order…The Notice Plan was specially developed to cause class members to see the Publication Notice or see an advertisement that directed them to the Settlement Website…The Court concludes that the Class Notice fully satisfied the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure and all due process requirements.*

## 46. Judge Tom A. Lucas

**Stroud v. eMachines, Inc.,** (March 27, 2013)
No. CJ-2003-968 L (Okla. Dist. Ct.):

*The Notices met the requirements of Okla. Stat. tit. 12 section 2023(C), due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto. All objections are stricken. Alternatively, considered on their merits, all objections are overruled.*

## 47. Judge Marilyn L. Huff

**Beck-Ellman v. Kaz USA, Inc.,** (January 7, 2013)
No. 3:10-cv-02134 (S.D. Cal.):

*The proposed Class Notice, Publication Notice, and Settlement Website are reasonably calculated to inform potential Class members of the Settlement, and are the best practicable methods under the circumstances... Notice is written in easy and clear language, and provides all needed information, including: (l) basic information about the lawsuit; (2) a description of the benefits provided by the settlement; (3) an explanation of how Class members can obtain Settlement benefits; (4) an explanation of how Class members can exercise their rights to opt-out or object; (5) an explanation that any claims against Kaz that could have been litigated in this action will be released if the Class member does not opt out; (6) the names of Class Counsel and information regarding attorneys' fees; (7) the fairness hearing date and procedure for appearing; and (8) the Settlement Website and a toll free number where additional information, including Spanish translations of all forms, can be obtained. After review of the proposed notice and Settlement Agreement, the Court concludes that the Publication Notice and Settlement Website are adequate and sufficient to inform the class members of their rights. Accordingly, the Court approves the form and manner of giving notice of the proposed settlement.*

## 48. Judge Tom A. Lucas

***Stroud v. eMachines, Inc.,*** (December 21, 2012)
No. CJ-2003-968 L (Okla. Dist. Ct.):

*The Plan of Notice in the Settlement Agreement as well as the content of the Claim Form, Class Notice, Post-Card Notice, and Summary Notice of Settlement is hereby approved in all respects. The Court finds that the Plan of Notice and the contents of the Class Notice, Post-Card Notice and Summary Notice of Settlement and the manner of their dissemination described in the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated, under the circumstances, to apprise Putative Class Members of the pendency of this action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Certified Settlement Class and, therefore, the Plan of Notice, the Class Notice, Post-Card Notice and Summary Notice of Settlement are approved in all respects. The Court further finds that the Class Notice, Post-Card Notice and Summary Notice of Settlement are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process.*

## 49. Honorable Michael M. Anello

***Shames v. Hertz Corp.,*** (November 5, 2012)
No. 3:07-cv-02174 (S.D. Cal.):

*...the Court is satisfied that the parties and the class administrator made reasonable efforts to reach class members. Class members who did not receive individualized notice still had opportunity for notice by publication, email, or both...The Court is satisfied that the redundancies in the parties' class notice procedure—mailing, e-mailing, and publication—reasonably ensured the widest possible dissemination of the notice...The Court OVERRULES all objections to the class settlement...*

## 50. Judge Ann D. Montgomery

***In re Uponor, Inc., F1807 Plumbing Fittings Products Liab. Litig.,*** (July 9, 2012)
No. 11-MD-2247 (D. Minn.):

*The objections filed by class members are overruled; The notice provided to the class was reasonably calculated under the circumstances to apprise class members of the pendency*

*of this action, the terms of the Settlement Agreement, and their right to object, opt out, and appear at the final fairness hearing;...*

## 51. Judge Ann D. Montgomery

***In re Uponor, Inc., F1807 Plumbing Fittings Products Liab. Litig.,*** (June 29, 2012) No. 11-MD-2247 (D. Minn.):

*After the preliminary approval of the Settlement, the parties carried out the notice program, hiring an experienced consulting firm to design and implement the plan. The plan consisted of direct mail notices to known owners and warranty claimants of the RTI F1807 system, direct mail notices to potential holders of subrogation interests through insurance company mailings, notice publications in leading consumer magazines which target home and property owners, and earned media efforts through national press releases and the Settlement website. The plan was intended to, and did in fact, reach a minimum of 70% of potential class members, on average more than two notices each... The California Objectors also take umbrage with the notice provided the class. Specifically, they argue that the class notice fails to advise class members of the true nature of the aforementioned release. This argument does not float, given that the release is clearly set forth in the Settlement and the published notices satisfy the requirements of Rule 23(c)(2)(B) by providing information regarding: (1) the nature of the action class membership; (2) class claims, issues, and defenses; (3) the ability to enter an appearance through an attorney; (4) the procedure and ability to opt-out or object; (5) the process and instructions to make a claim; (6) the binding effect of the class judgment; and (7) the specifics of the final fairness hearing.*

## 52. Honorable Michael M. Anello

***Shames v. Hertz Corp.,*** (May 22, 2012) No. 3:07-cv-02174 (S.D. Cal.):

*The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, substantially in the forms of Exhibits A-1 through A-6, as appropriate, (individually or collectively, the "Notice"), and finds that the e-mailing or mailing and distribution of the Notice and publishing of the Notice substantially in the manner and form set forth in*

*¶ 7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.*

## 53. Judge Ann D. Montgomery

**In re Uponor, Inc., F1807 Plumbing Fittings Products Liab. Litig.,** (January 18, 2012) No. 11-MD-2247 (D. Minn.):

*The Notice Plan detailed.in the Affidavit of Gina M. Intrepido-Bowden provides the best notice practicable under the circumstances and constitutes due and sufficient notice of the Settlement Agreement and the Final Fairness Hearing to the Classes and all persons entitled to receive such notice as potential members of the Class...The Notice Plan's multi-faceted approach to providing notice to Class Members whose identity is not known to the Settling Parties constitutes 'the best notice that is practicable under the circumstances' consistent with Rule 23(c)(2)(B)...Notice to Class members must clearly and concisely state the nature of the lawsuit and its claims and defenses, the Class certified, the Class member's right to appear through an attorney or opt out of the Class, the time and manner for opting out, and the binding effect of a class judgment on members of the Class. Fed. R. Civ. P. 23(c)(2)(B). Compliance with Rule 23's notice requirements also complies with Due Process requirements. 'The combination of reasonable notice, the opportunity to be heard, and the opportunity to withdraw from the class satisfy due process requirements of the Fifth Amendment.' Prudential, 148 F.3d at 306. The proposed notices in the present case meet those requirements.*

## 54. Judge Jeffrey Goering

**Molina v. Intrust Bank, N.A.,** (January 17, 2012) No. 10-CV-3686 (Ks. 18th J.D. Ct.):

*The Court approved the form and content of the Class Notice, and finds that transmission of the Notice as proposed by the Parties meets the requirements of due process and Kansas law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.*

## 55. Judge Charles E. Atwell

***Allen v. UMB Bank, N.A.,*** (October 31, 2011)
No. 1016-CV34791 (Mo. Cir. Ct.):

*The form, content, and method of dissemination of Class Notice given to the Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 52.08 of the Missouri Rules of Civil Procedure and due process.*

## 56. Judge Charles E. Atwell

***Allen v. UMB Bank, N.A.,*** (June 27, 2011)
No. 1016-CV34791 (Mo. Cir. Ct.):

*The Court approves the form and content of the Class Notice, and finds that transmission of the Notice as proposed by the Parties meets the requirements of due process and Missouri law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.*

## 57. Judge Jeremy Fogel

***Ko v. Natura Pet Products, Inc.,*** (June 24, 2011)
No. 5:09cv2619 (N.D. Cal.):

*The Court approves, as to form and content, the Long Form Notice of Pendency and Settlement of Class Action ("Long Form Notice"), and the Summary Notice attached as Exhibits to the Settlement Agreement, and finds that the e-mailing of the Summary Notice, and posting on the dedicated internet website of the Long Form Notice, mailing of the Summary Notice post-card, and newspaper and magazine publication of the Summary Notice substantially in the manner as set forth in this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to notice.*

## 58. Judge M. Joseph Tiemann

***Billieson v. City of New Orleans,*** (May 27, 2011)
No. 94-19231 (La. Civ. Dist. Ct.):

*The plan to disseminate notice for the Insurance Settlements (the "Insurance Settlements Notice Plan") which was designed at the request of Class Counsel by experienced Notice Professionals Gina Intrepido-Bowden... IT IS ORDERED as follows: 1. The Insurance Settlements Notice Plan is hereby approved and shall be executed by the Notice Administrator; 2. The Insurance Settlements Notice Documents, substantially in the form included in the Insurance Settlements Notice Plan, are hereby approved.*

## 59. Judge James Robertson

***In re Dep't of Veterans Affairs (VA) Data Theft Litig.,*** (February 11, 2009)
MDL No. 1796 (D.D.C.):

*The Court approves the proposed method of dissemination of notice set forth in the Notice Plan, Exhibit 1 to the Settlement Agreement. The Notice Plan meets the requirements of due process and is the best notice practicable under the circumstances. This method of Class Action Settlement notice dissemination is hereby approved by the Court.*

## 60. Judge Louis J. Farina

***Soders v. Gen. Motors Corp.,*** (December 19, 2008)
No. CI-00-04255 (C.P. Pa.):

*The Court has considered the proposed forms of Notice to Class members of the settlement and the plan for disseminating Notice, and finds that the form and manner of notice proposed by the parties and approved herein meet the requirements of due process, are the best notice practicable under the circumstances, and constitute sufficient notice to all persons entitled to notice.*

## 61. Judge Robert W. Gettleman

***In re Trans Union Corp.,*** (September 17, 2008)
MDL No. 1350 (N.D. Ill.):

*The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Preliminary Approval Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law...Accordingly, all objections are hereby OVERRULED.*

## 62. Judge William G. Young

***In re TJX Co.,*** (September 2, 2008)
MDL No. 1838 (D. Mass.):

*...as attested in the Affidavit of Gina M. Intrepido...The form, content, and method of dissemination of notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.*

## 63. Judge David De Alba

***Ford Explorer Cases,*** (May 29, 2008)
JCCP Nos. 4226 & 4270 (Cal. Super. Ct.):

*[T]he Court is satisfied that the notice plan, design, implementation, costs, reach, were all reasonable, and has no reservations about the notice to those in this state and those in other states as well, including Texas, Connecticut, and Illinois; that the plan that was approved -- submitted and approved, comports with the fundamentals of due process as described in the case law that was offered by counsel.*



# SPEAKING ENGAGEMENTS

1. *'Marching to Their Own Drumbeat.' What Lawyers Don't Understand About Notice and Claims Administration*, AMERICAN BAR ASSOCIATION, American Bar Association's (ABA) 23rd Annual National Institute on Class Actions, panelist (October 2019).

2. *Rule 23 Amendments and Digital Notice Ethics, accredited CLE Program*, presenter at Terrell Marshall Law Group PLLC, Seattle, WA (June 2019); Severson & Werson, San Francisco, CA and broadcast to office in Irvine (June 2019); Greenberg Traurig, LLP, Los Angeles, CA (May 2019); Chicago Bar Association, Chicago, IL (January 2019); Sidley Austin LLP, Century City, CA and broadcast to offices in Los Angeles, San Francisco, New York, Chicago, Washington D.C. (January 2019); Burns Charest LLP, Dallas, TX (November 2018); Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN (October 2018); Zimmerman Reed LLP, Minneapolis, MN (October 2018); Gustafson Gluek PLLC, Minneapolis, MN (October 2018).

3. *Ethics in Legal Notification, accredited CLE Program*, presenter at Kessler Topaz Meltzer & Check LLP, Radnor, PA (September 2015); The St. Regis Resort, Deer Valley, UT (March 2014); and Morgan Lewis & Bockius, New York, NY (December 2012).

4. *Pitfalls of Class Action Notice and Settlement Administration, accredited CLE Program*, PRACTISING LAW INSTITUTE (PLI), Class Action Litigation 2013, presenter/panelist (July 2013).

5. *The Fundamentals of Settlement Administration, accredited CLE Program*, presenter at Skadden, Arps, Slate, Meagher & Flom LLP, Chicago, IL (January 2013); Wexler Wallace LLP, Chicago, IL (January 2013); Hinshaw & Culbertson LLP, Chicago, IL (October 2012); and Spector Roseman Kodroff & Willis, P.C., Philadelphia, PA (December 2011).

6. *Class Action Settlement Administration Tips & Pitfalls on the Path to Approval, accredited CLE Program*, presenter at Jenner & Block, Chicago, IL and broadcast to offices in Washington DC, New York and California (October 2012).

7. ***Reaching Class Members & Driving Take Rates***, CONSUMER ATTORNEYS OF SAN DIEGO, 4th Annual Class Action Symposium, presenter/panelist (October 2011).

8. ***Legal Notice Ethics, accredited CLE Program***, presenter at Heins Mills & Olson, P.L.C., Minneapolis, MN (January 2011); Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN (January 2011); Chestnut Cambronne, Minneapolis, MN (January 2011); Berger & Montague, P.C., Anapol Schwartz, Philadelphia, PA (October 2010); Lundy Law, Philadelphia, PA (October 2010); Dechert LLP, Philadelphia, PA and broadcast to offices in California, New Jersey, New York, North Carolina, Texas, Washington D.C., and London and sent via video to their office in China (October 2010); Miller Law LLC, Chicago, IL (May 2010); Cohen Milstein Sellers & Toll PLLC, New York, NY (May 2010); and Milberg LLP, New York, NY (May 2010).

9. ***Class Actions 101: Best Practices and Potential Pitfalls in Providing Class Notice, accredited CLE Program***, presenter, Kansas Bar Association (March 2009).



# IV. ARTICLES

1. Todd B. Hilsee, Gina M. Intrepido & Shannon R. Wheatman, *Hurricanes, Mobility and* Due P*rocess: The "Desire-to-Inform" Requirement for Effective Class Action Notice Is Highlighted by Katrina*, 80 TULANE LAW REV. 1771 (2006); reprinted in course materials for: CENTER FOR LEGAL EDUCATION INTERNATIONAL, Class Actions: Prosecuting and Defending Complex Litigation (2007); AMERICAN BAR ASSOCIATION, 10th Annual National Institute on Class Actions (2006); NATIONAL BUSINESS INSTITUTE, Class Action Update: Today's Trends & Strategies for Success (2006).

2. Gina M. Intrepido, *Notice Experts May Help Resolve CAFA Removal Issues, Notification to Officials*, 6 CLASS ACTION LITIG. REP. 759 (2005).

3. Todd B. Hilsee, Shannon R. Wheatman, & Gina M. Intrepido, *Do You Really Want Me to Know My Rights? The Ethics Behind Due Process in Class Action Notice Is More Than Just Plain Language: A Desire to Actually Inform*, 18 GEORGETOWN JOURNAL LEGAL ETHICS 1359 (2005).



# V.

# CASE EXPERIENCE

Ms. Intrepido-Bowden has been involved in the design and implementation of hundreds of notice programs throughout her career. A partial listing of her case work is provided below.

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Abante Rooter & Plumbing, Inc. v. New York Life Ins. Co. | 16-cv-03588 | S.D.N.Y. |
| Ahmed v. HSBC Bank USA, NA | 15-cv-2057-FMO-SPx | N.D. Ill. |
| Allen v. UMB Bank, N.A. | 1016-CV34791 | Mo. Cir. Ct. |
| Anderson v. Canada (Phase I) | 2008NLTD166 | NL Sup. Ct. |
| Anderson v. Canada (Phase II) | 2007 01T4955CP | NL Sup. Ct. |
| Angel v. U.S. Tire Recovery | 06-C-855 | W. Va. Cir. Ct. |
| Baiz v. Mountain View Cemetery | 809869-2 | Cal. Super. Ct. |
| Baker v. Jewel Food Stores, Inc. & Dominick's Finer Foods, Inc. | 00-L-9664 | Ill. Cir. Ct. |
| Barba v. Shire U.S., Inc. | 1:13-cv-21158 | S.D. Fla. |
| Beck-Ellman v. Kaz USA Inc. | 10-cv-2134 | S.D. Cal. |
| Beringer v. Certegy Check Serv., Inc. | 8:07-cv-1657-T-23TGW | M.D. Fla. |
| Bibb v. Monsanto Co. (Nitro) | 041465 | W. Va. Cir. Ct. |
| Billieson v. City of New Orleans | 94-19231 | La. Civ. Dist. Ct. |
| Boskie v. Backgroundchecks.com | 2019CP3200824 | S.C. C.P. |
| Brookshire Bros. v. Chiquita | 05-CIV-21962 | S.D. Fla. |
| Brown v. Am. Tobacco | J.C.C.P. 4042 No. 711400 | Cal. Super. Ct. |
| Campos v. Calumet Transload R.R., LLC | 1:13-cv-08376 | N.D. Ill. |
| Cappalli v. BJ's Wholesale Club, Inc. | 1:10-cv-00407 | D.R.I. |
| Carter v. Monsanto Co. (Nitro) | 00-C-300 | W. Va. Cir. Ct. |
| Chambers v. Whirlpool Corp. | 8:11-cv-01733 | C.D. Cal. |
| Cobb v. BSH Home Appliances Corp. | 8:10-cv-00711 | C.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|-----------|-------------|----------|
| *Davis v. Am. Home Prods. Corp.* | 94-11684 | La. Civ. Dist. Ct., Div. K |
| *Defrates v. Hollywood Ent. Corp.* | 02L707 | Ill. Cir. Ct. |
| *Demereckis v. BSH Home Appliances Corp.* | 8:10-cv-00711 | C.D. Cal. |
| *Demmick v. Cellco P'ship* | 06-cv-2163 | N.J. Dist. Ct. |
| *Desportes v. Am. Gen. Assurance Co.* | SU-04-CV-3637 | Ga. Super. Ct. |
| *Dolen v. ABN AMRO Bank N.V.* | 01-L-454 & 01-L-493 | Ill. Cir. Ct. |
| *Donnelly v. United Tech. Corp.* | 06-CV-320045CP | Ont. S.C.J. |
| *Eck v. City of Los Angeles* | BC577028 | Cal. Super. Ct. |
| *Ervin v. Movie Gallery Inc.* | CV-13007 | Tenn. Ch. Fayette Co. |
| *First State Orthopaedics v. Concentra, Inc.* | 2:05-CV-04951-AB | E.D. Pa. |
| *Fisher v. Virginia Electric & Power Co.* | 3:02-CV-431 | E.D. Va. |
| *Flaum v. Doctor's Assoc., Inc. (d/b/a Subway)* | 16-cv-61198 | S.D. Fla. |
| *Fond du Lac Bumper Exch. Inc. v. Jui Li Enter. Co. Ltd. (Direct & Indirect Purchasers Classes)* | 2:09-cv-00852 | E.D. Wis. |
| *Ford Explorer Cases* | JCCP Nos. 4226 & 4270 | Cal. Super. Ct. |
| *Friedman v. Microsoft Corp.* | 2000-000722 | Ariz. Super. Ct. |
| *Gardner v. Stimson Lumber Co.* | 00-2-17633-3SEA | Wash. Super. Ct. |
| *Gordon v. Microsoft Corp.* | 00-5994 | D. Minn. |
| *Grays Harbor v. Carrier Corp.* | 05-05437-RBL | W.D. Wash. |
| *Griffin v. Dell Canada Inc.* | 07-CV-325223D2 | Ont. Super. Ct. |
| *Gunderson v. F.A. Richard & Assoc., Inc. (AIG)* | 2004-2417-D | La. 14th Jud. Dist. Ct. |
| *Gunderson v. F.A. Richard & Assoc., Inc. (FARA)* | 2004-2417-D | La. 14th Jud. Dist. Ct. |
| *Gunderson v. F.A. Richard & Assoc., Inc. (Focus)* | 2004-2417-D | La. 14th Jud. Dist. Ct. |
| *Gunderson v. F.A. Richard & Assoc., Inc. (Wal-Mart)* | 2004-2417-D | La. 14th Jud. Dist. Ct. |
| *Gunderson v. F.A. Richard & Assoc.., Inc. (Amerisafe)* | 2004-002417 | La. 14th Jud. Dist. Ct. |
| *Huntzinger v. Suunto Oy* | 37-2018-00027159-CU-BT-CTL | Cal. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *In re Anthem, Inc. Data Breach Litig.* | 15-md-02617 | N.D. Cal. |
| *In re Babcock & Wilcox Co.* | 00-10992 | E.D. La. |
| *In re Broiler Chicken Antitrust Litig.* | 1:16-cv-08637 | N.D. Ill. |
| *In re ConAgra Foods Inc.* | 11-cv-05379-CJC-AGR | C.D. Cal. |
| *In re Countrywide Fin. Corp. Customer Data Sec. Breach* | MDL 3:08-md-1998 | W.D. Ky. |
| *In re High Sulfur Content Gasoline Products Liab.* | MDL No. 1632 | E.D. La. |
| *In re Home Depot, Inc., Customer Data Sec. Breach Litig.* | 1:14-md-02583 | N.D. Ga. |
| *In re Hypodermic Products Antitrust Litig.* | 2:05-cv-01602 | D.N.J. |
| *In re Lidoderm Antitrust Litig.* | 3:14-md-02521 | N.D. Cal. |
| *In re Lupron Mktg. & Sales Practices* | MDL No.1430 | D. Mass. |
| *In re Monitronics Int'l, Inc., TCPA Litig.* | 5:11-cv-00090 | N.D. W.Va. |
| *In re Parmalat Sec.* | 1:04-md-01653 (LAK) | S.D.N.Y. |
| *In re Residential Schools Litig.* | 00-CV-192059 CPA | Ont. Super. Ct. |
| *In re Resistors Antitrust Litig.* | 15-cv-03820-JD | N.D. Cal. |
| *In re Royal Ahold Sec. & "ERISA"* | 1:03-md-01539 | D. Md. |
| *In re Rust-Oleum Restore Mktg. Sales Practices & Products Liab. Litig.* | 1:15-cv01364 | N.D. Ill. |
| *In re Sears, Roebuck & Co. Front-Loading Washer Products Liab. Litig.* | 1:06-cv-07023 | N.D. Ill. |
| *In re Serzone Prod. Liab.* | 02-md-1477 | S.D. W. Va. |
| *In re Skelaxin (Metaxalone) Antitrust Litig.* | 1:12-cv-194 | E.D. Ten. |
| *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig. (Direct Purchaser Class)* | 1:14-md-2503 | D. Mass. |
| *In re TJX Cos. Retail Sec. Breach* | MDL No. 1838 | D. Mass. |
| *In re Trans Union Corp. Privacy* | MDL No. 1350 | N.D. Ill. |
| *In re U.S. Dep't of Veterans Affairs Data Theft Litig.* | MDL 1796 | D.D.C. |
| *In re Uponor, Inc., F1807 Products Liab. Litig.* | 2247 | D. Minn. |
| *In re Zurn Pex Plumbing Products Liab. Litig.* | MDL 08-1958 | D. Minn. |
| *Johnson v. Yahoo! Inc.* | 1:14-cv02028 | N.D. Ill. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Kearney v. Equilon Enter. LLC* | 3:14-cv-00254 | Ore. Dist. Ct. |
| *Ko v. Natura Pet Products, Inc.* | 5:09cv02619 | N.D. Cal. |
| *Langan v. Johnson & Johnson Consumer Co.* | 13-cv-01471 | D. Conn. |
| *Lavinsky v. City of Los Angeles* | BC542245 | Cal. Super. Ct. |
| *Lee v. Stonebridge Life Ins. Co.* | 3:11-cv-00043 | N.D. Cal. |
| *Lerma v. Schiff Nutrition Int'l, Inc.* | 3:11-cv-01056 | S.D. Cal. |
| *Lockwood v. Certegy Check Serv., Inc.* | 2:07-CV-587-FtM-29-DNF | M.D. Fla. |
| *Luster v. Wells Fargo Dealer Serv., Inc.* | 1:15-cv-01058 | N.D. Ga. |
| *McCrary v. Elations Co., LLC* | 13-cv-00242 | C.D. Cal. |
| *Microsoft I-V Cases* | J.C.C.P. No. 4106 | Cal. Super. Ct. |
| *Molina v. Intrust Bank, N.A.* | 10-cv-3686 | Ks. 18th Jud. Dist. Ct. |
| *Morrow v. Conoco Inc.* | 2002-3860 | La. Dist. Ct. |
| *Mullins v. Direct Digital LLC.* | 1:13-cv-01829 | N.D. Ill. |
| *Myers v. Rite Aid of PA, Inc.* | 01-2771 | Pa. C.P. |
| *Naef v. Masonite Corp* | CV-94-4033 | Ala. Cir. Ct. |
| *Nature Guard Cement Roofing Shingles Cases* | J.C.C.P. No. 4215 | Cal. Super. Ct. |
| *Nichols v. SmithKline Beecham Corp.* | 00-6222 | E.D. Pa. |
| *Nishimura v Gentry Homes, LTD.* | 11-11-1-1522-07-RAN | Haw. Cir. Ct. |
| *Palace v. DaimlerChrysler* | 01-CH-13168 | Ill. Cir. Ct. |
| *Peek v. Microsoft Corp.* | CV-2006-2612 | Ark. Cir. Ct. |
| *Plubell v. Merck & Co., Inc.* | 04CV235817-01 | Mo. Cir. Ct. |
| *Podawiltz v. Swisher Int'l, Inc.* | 16CV27621 | Or. Cir. Ct. |
| *Poertner v. Gillette Co.* | 6:12-cv-00803 | M.D. Fla. |
| *Prather v. Wells Fargo Bank, N.A.* | 1:15-cv-04231 | N.D. Ga. |
| *Q+ Food, LLC v. Mitsubishi Fuso Truck of Am., Inc.* | 3:14-cv-06046 | D.N.J. |
| *Racies v. Quincy Bioscience, LLC* | 15-cv-00292 | N.D. Cal. |
| *Richison v. Am. Cemwood Corp.* | 005532 | Cal. Super. Ct. |
| *Roberts v. Electrolux Home Products, Inc.* | 8:12-cv-01644 | C.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Russell v. Kohl's Dep't Stores, Inc.* | 5:15-cv-01143 | C.D. Cal. |
| *Scott v. Blockbuster, Inc.* | D 162-535 | 136th Tex. Jud. Dist. |
| *Shames v. Hertz Corp.* | 07cv2174-MMA | S.D. Cal. |
| *Soders v. Gen. Motors Corp.* | CI-00-04255 | Pa. C.P. |
| *Stroud v. eMachines, Inc.* | CJ-2003-968-L | Okla. Dist. Ct. |
| *Talalai v. Cooper Tire & Rubber Co.* | MID-L-8839-00 MT | N.J. Super. Ct. |
| *Tech. Training Assoc. v. Buccaneers Ltd. P'ship* | 8:16-cv-01622 | M.D. Fla. |
| *Thibodeaux v. Conoco Philips Co.* | 2003-481 | La. 4th Jud. Dist. Ct. |
| *Thomas v. Lennox Indus. Inc.* | 1:13-cv-07747 | N.D. Ill. |
| *Thompson v. Metropolitan Life Ins. Co.* | 00-CIV-5071 HB | S.D. N.Y. |
| *Turner v. Murphy Oil USA, Inc.* | 2:05-CV-04206-EEF-JCW | E.D. La. |
| *USC Student Health Ctr. Settlement* | 18-cv-04258-SVW | C.D. Cal. |
| *Walker v. Rite Aid of PA, Inc.* | 99-6210 | Pa. C.P. |
| *Wells v. Abbott Lab., Inc. (AdvantEdge/ Myoplex nutrition bars)* | BC389753 | Cal. Super. Ct. |
| *Wener v. United Tech. Corp.* | 500-06-000425-088 | QC. Super. Ct. |
| *West v. G&H Seed Co.* | 99-C-4984-A | La. 27th Jud. Dist. Ct. |
| *Williams v. Weyerhaeuser Co.* | CV-995787 | Cal. Super. Ct. |
| *Zarebski v. Hartford Ins. Co. of the Midwest* | CV-2006-409-3 | Ark. Cir. Ct. |