Warren Postman (#330869)
 wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

Keith A. Custis (#218818)
 kcustis@custislawpc.com
CUSTIS LAW, P.C.
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067
(213) 863-4276

Benjamin Whiting (*pro hac vice*)
 ben.whiting@kellerlenkner.com
Ellyn Gendler (#305604)
 ellyn.gendler@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

*Attorneys for Intervenors*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE INTUIT FREE FILE LITIGATION<br><br>This Document Relates to: All Actions | Case Nos.:  3:19-cv-02546-CRB<br><br>**SUPPLEMENTAL DECLARATION OF WARREN POSTMAN IN SUPPORT OF MOTION TO INTERVENE AND IN OPPOSITION TO PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Judge:**    Hon. Charles R. Breyer<br>**Date:**     December 17, 2020<br>**Time:**    10:00 a.m.<br>**Courtroom:**  6 – 17th Floor |

I, Warren Postman, declare based on personal knowledge as follows:

1. I am a Partner at Keller Lenkner LLC, counsel for Intervenors in this matter.

2. I have personal knowledge of the facts stated herein, and if called upon as a witness, I could and would testify competently thereto.

3. This supplemental declaration is submitted in support of the Motion to Intervene and in Opposition to Preliminary Approval of Class Action Settlement.

4. Keller Lenkner regularly communicates with each of its clients to provide updates on his or her case.

5. After Intuit and interim class counsel filed their motion for preliminary approval of a class settlement on November 12, 2020—a proposed settlement that purports to include Keller Lenkner's clients—we updated our clients about the proposed settlement. The contents of those attorney-client communications are privileged and confidential.

6. Without waiving any privilege or protection, and for the limited purpose of rebutting Intuit's arguments that Keller Lenkner seeks to pursue an "unauthorized mass opt out," I can confirm certain facts about our communications with our clients as set forth in paragraphs 7 through 9 below.

7. We provided each client a copy of interim class counsel's motion for preliminary settlement approval and declarations in support, the proposed settlement agreement, and the proposed settlement notice.

8. We also provided our advice to each client, consistent with our obligations as his or her counsel. We further explained that we were objecting to the settlement on behalf of the Intervenors in this action, and that, if a client told us they did not want us to object to the settlement, we would withdraw from the representation of that client.

9. Several hundred informed us that they did not want us to object to the proposed class settlement on their behalf because they would participate in the settlement if it were approved. As of the filing of this document, Keller Lenkner no longer represents clients who informed us that they did not want us to object to the proposed settlement.

10. Intuit's brief in support of the proposed settlement refers to Keller Lenkner's involvement in *In re CenturyLink Sales Practices and Securities Litigation*, No. 0:17-md-02795-MJD-KMM, ECF No. 631. In that case, our firm asked the Court to accept opt-out requests we submitted on behalf of our clients. The Court declined the request and required each opt-out to bear the client's electronic signature. Keller Lenkner complied with that directive and submitted more than 11,000 signed opt-out requests from its clients.

I affirm that the foregoing is true under penalty of perjury under the laws of the United States and the State of California.

Signed on December 11, 2020 in Arlington, Virginia.

/s/Warren Postman
Warren Postman