IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE ARENA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTUIT INC., et al.,<br><br>Defendants. | Case No. 19-cv-02546-CRB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMICUS BRIEF AND MOTION TO INTERVENE** |

On November 12, 2020, Plaintiffs moved for preliminary approval of a settlement agreement with Intuit and requested that the Court enjoin related proceedings subject to the proposed settlement's opt out procedures. See Mot. for Preliminary Approval (dkt. 162); Settlement Agreement (dkt. 162-1); Proposed Order (dkt. 162-1 Ex. A) at 8.

## I. Motion for Leave to File Amicus Brief

The Los Angeles City Attorney's Office (LACA) and County Counsel for the County of Santa Clara (SCCC) have moved to file an amicus brief opposing the proposed settlement and to participate at oral argument. See Mot. to File Amicus Br. (dkt. 176). Both LACA and SCCC are currently litigating claims against Intuit that overlap with Plaintiffs' claims. Id. at 5; Amicus Br. (dkt. 176-1) at 12–14. Amici's perspective is plainly relevant to various questions that Plaintiffs' Motion for Preliminary Approval presents. And although Plaintiffs and Intuit have responded to Amici's substantive concerns regarding the proposed settlement, they have provided the Court with no reason to deny Amici's motion to file an amicus brief and participate in oral argument. Therefore, the Court GRANTS Amici's motion.

**II.     Motion to Intervene**

Nine Intuit customers ("proposed intervenors") who have filed demands for arbitration (that is, who have initiated related proceedings) have moved to intervene under Rule 24 of the Federal Rules of Civil Procedure so that they may oppose Plaintiffs' Motion for Preliminary Approval and request for an injunction.  See Mot. to Intervene (dkt. 177) at 8.  Under Rule 24 of the Federal Rules of Civil Procedure, a court "must" permit "anyone" who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest" to intervene.  Fed. R. Civ. P. 24(a)(2).  A court also "may" permit "anyone" with "a claim or defense that shares with the main action a common question of law or fact" to intervene.  Fed. R. Civ. P. 24(b)(1)(B).  "In exercising its discretion" under Rule 24(b), a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

The Court need not decide whether the proposed intervenors are entitled to intervene under Rule 24(a).  No one disputes that their claims "share with the main action a common question of law or fact."  See Fed. R. Civ. P. 24(b)(1)(B); Plaintiffs' Reply at 20–22; Intuit Reply at 8–10.  Nor will intervention "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).[1]  Hearing proposed intervenors' perspective and the parties' responses can only help the Court make an informed decision regarding the Motion for Preliminary Approval.  Therefore, the Court GRANTS proposed intervenors' motion under Rule 24(b).

At the hearing, Plaintiffs, Intuit, Intervenors, and Amici should focus their arguments on the merits of Plaintiffs' Motion for Preliminary Approval, which this order does not address.

**IT IS SO ORDERED.**

---

[1] The Court has not altered the original schedule for deciding Plaintiffs' Motion for Preliminary Approval.

Dated: December 14, 2020



CHARLES R. BREYER
United States District Judge